UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| William Spencer, et al, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Civil Action No.:  1:23-cv-00022-JL |
| | ) |
| U.S. Department of Transportation, et al, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## STATE DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

Defendants Michael Doran, William Burke, Kenneth Chaput, Stephen Kace, and David Hilts, in their official capacities (collectively "State Defendants"), through counsel, the Office of the Attorney General, submit this Memorandum of Law in Support of the Motion to Dismiss. Specifically, the State Defendants move to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

### FACTUAL BACKGROUND[1]

The Plaintiffs in this matter are William Spencer and Spencer Bros. LLC ("the LLC"). Mr. Spencer is an employee of the LLC, a company engaged in the business of removing, installing, cleaning, transporting, and disposing of oil tanks and other tanks. (Compl. ¶¶ 18–19.) On April 29, 2016, Mr. Spencer was operating a 2004 Chevrolet Express Box Truck when he was stopped by Defendant Michael Doran ("Tr. Doran"), a New Hampshire State Trooper. (Id. ¶

---

[1] For purposes of this motion only, the facts as alleged in the Complaint are accepted as true. The Complaint is found at ECF Doc. No. 4 at 15–47 and will hereinafter be cited as "Compl."

24.) At the time of the stop, Mr. Spencer was transporting various tanks and five-gallon pails, which Tr. Doran photographed during the stop. (Id. ¶¶ 25, 44.) Plaintiffs complain that Tr. Doran failed to take samples of any liquid in or on the tanks. (Id. ¶ 44.) There is no dispute that the odor of home heating oil was permeating from the vehicle, the cargo, and Mr. Spencer. (Id. ¶¶ 25–26, 42.) Plaintiffs acknowledge transporting this cargo "countless times" but deny transporting hazardous and claim that all tanks were properly cut, cleaned and purged. (Id.) During the stop, Tr. Doran informed Mr. Spencer of equipment violations, issued him a "fix-it" ticket for the violations, and told him that the vehicle was ordered "out of service" and would be towed. (Id. ¶¶ 45–46.)

On May 13, 2016, Tr. Doran and Defendant Kenneth Chaput, an automotive equipment inspector employed by the New Hampshire Department of Safety ("Inspector Chaput"), and a third unidentified person performed an inspection of Extreme Auto, a New Hampshire business owned by Robert Follensbee. (Id. ¶¶ 54–55.) The LLC had hired Extreme Auto to address the equipment issues identified during the traffic stop. (Id. ¶ 54.) Plaintiffs allege that the inspection was conducted in an improper, threatening, and harassing manner, and that Tr. Doran damaged Mr. Follensbee's property during the visit. (Id. ¶¶ 60–71.)

According to the Complaint, "State Police" requested that the Federal Motor Carrier Safety Administration ("FMCSA") investigation Spencer Bros LLC. (Id. ¶ 76.) On June 13, 2016, agents from FMCSA went to the LLC's property, took photographs, and met briefly with Mr. Spencer. (Id. ¶¶ 76–86.) After Mr. Spencer declined to allow the agents access to the LLC's documents, Mr. Spencer was given a "demand letter and subpoena" addressed to the LLC. (Id. ¶¶ 81–84.) The Complaint alleges that the agents called Defendant William Burke, a New Hampshire State Trooper ("Tr. Burke") and that following this call, Tr. Burke reported to the

New Hampshire Department of Environmental Services ("NHDES") that the agents were "nearly overcome with petroleum fumes inside the building" and claimed that the company was rinsing tanks inside the building into a floor drain. (Id. ¶¶ 89–93.) NHDES conducted an inspection of the premises and found the "accusations to be unfounded." (Id. ¶ 109.) On October 12, 2016, agents of the United States Department of Transportation met with Mr. Spencer and inspected the premises. (Id. ¶ 127–128.) Plaintiffs claim that the report following this meeting relied on untruthful information from DOT agents. (Id. ¶ 128.)

In addition to the visit on June 13, the FMCSA's agents contacted various companies, including a competitor of the LLC, and revealed that there was an investigation into the LLC, and asked about the LLC's business practices. (Id. ¶¶ 98–102.) On June 28, 2016, in accordance with the subpoena, Mr. Spencer appeared at the FMCSA's office in Concord to provide the requested documents. (Id. ¶¶ 105–107.) During the investigation, Mr. Spencer repeatedly contacted the FMCSA to inform him of his belief of false reports and improper conduct in an attempt to stop the investigation and subsequent proceedings. (Id. ¶¶ 118, 125–126.) The Plaintiffs also made complaints of the alleged false statements and misconduct by NHSP and FMCSA to New Hampshire State Police's internal affairs division, the Governor's Office, the New Hampshire Attorney General's Office, and the FBI, but claims that these agencies did not assist him.

On October 13, 2016, the New Hampshire Department of Safety, Division of Motor Vehicles issued a notice of its intent to suspend expired registrations of vehicles registered to the LLC. (Id. ¶ 132.) Defendant Stephen Kace, a New Hampshire State Trooper, was assigned the case and appeared at the hearing on behalf of the DMV. (Id. ¶¶ 133–134.) On November 2, 2016, following the prehearing conference, Mr. Spencer alleges Tr. Kace was tailgating him and

3

flashing his lights until Mr. Spencer pulled his vehicle over. (Id. ¶¶ 136–137.) He claims that Tr. Kace stopped him based on a suspicion that he was operating an out-of-service vehicle but that Mr. Spencer was allowed to leave after he explained that his registration was not expired. (Id. ¶¶ 138–139.) Mr. Spencer requested that NHSP investigate this incident but claims that the investigation did not move forward because he refused to provide the name of the alleged witness to the incident. (Id. ¶¶ 140–142.) Plaintiffs do not allege that he was ever charged in connection with this stop.

At some point during 2017 and/or 2018, Mr. Spencer made certain requests for information of the Department of Safety under the Freedom of Information Act ("FOIA") and RSA chapter 91-A, New Hampshire's Right-to-Know law. (Id. ¶¶ 120–122.) Defendant David Hilts, who serves as legal counsel to the Department of Safety, told Mr. Spencer that he could not process his 91-A requests due to a "litigation hold." (Id. ¶ 122.)

## FMCSA'S PROCEEDINGS

The results of the compliance review were provided to the Plaintiffs. (State Defs.' Ex. B at 000063–000080.) The violations were not limited to the hazmat violations associated with the April 29 stop. (See id.) On August 3, 2016, following its compliance review, the FMCSA issued a proposed unsatisfactory safety rating to the LLC.[2] (Id. at 000082–83.) This order became final on September 16, 2016, after the LLC's request for administrative review was denied.[3] (Id. at 000085–87 (request for review); 000107–000113 (final order denying petition for review).)

---

[2] In the order dismissing the prior litigation against the Federal Defendants, the Court detailed the history of the FMCSA proceedings against Spencer Bros LLC. See Spencer, et al v. NH State Police, et al, Docket No. 1:18-cv-01191-LM (hereinafter "Spencer I"), ECF Doc. No. 59 at 6-10.

[3] This Court has already determined that it does not have the jurisdiction to consider Plaintiffs' attempts to collaterally challenge the validity of the Final Order. Spencer I, ECF Doc. No. 59 at 13-14.

On or about August 24, 2016, the FMCSA issued a Notice of Claim to Spencer Bros LLC based on a compliance review on July 27, 2016. See In the Matter of: Spencer Bros., LLC, Docket No. FMCSA-2016-0386); State Defs.' Ex. A at 41–49. The Notice of Claim detailed three violations: Violation 1 – transporting a shipment of hazardous materials not accompanied by a properly prepared shipping paper in violation of 49 C.F.R. § 177.817(a); Violation 2 – failure to implement an alcohol and/or controlled substances testing program as required by 49 C.F.R. § 382.115(a); and Violation 3 – allowing, requiring, permitting, or authorizing a driver to operate a commercial motor vehicle without a current a current CLP (commercial learner's permit) or CDL (commercial driver's license) or does not have a CLP or CDL with the proper class or endorsements in violation of 49 C.F.R. § 383.37(a). (See State Defs.' Ex. A at 48.) On or about September 1, 2016, Spencer Bros LLC, through counsel, filed a reply to the Notice of Claim denying the violations set forth in Violation 1 and 3, but admitted to the failure to implement an alcohol and/or controlled substance testing program as charged by Violation 2. (State Defs.' Ex. A at 51–53.) Violation 2 is unrelated to hazmat violations. On September 9, 2021, before depositions could be conducted, the FMCSA voluntarily withdrew the civil penalty action against the LLC. (Compl. ¶ 177; see Notice of Withdrawal, Attached hereto as State Defs.' Exhibit C.)

**PROCEDURAL BACKGROUND**

On or about December 19, 2018, the Plaintiffs initiated a lawsuit in this Court arising out of the same events as alleged in the present matter. See Spencer, et al. v. NH State Police, et al, 1:18-cv-01191-LM (hereinafter "Spencer I"). After the original complaint and first amended complaint were dismissed, (Spencer I, ECF Doc. Nos. 14 (order dismissing the original complaint) and 18 (order dismissing first amended complaint)). The Court provided the Plaintiffs

5

with a "final chance" to file another amended complaint, which the Plaintiffs filed on or about September 18, 2019, against the same state and federal defendants named in the present action. (Spencer I, ECF Doc. No. 30). The second amended complaint asserted substantive and procedural due process claims under 42 U.S.C. § 1983 and a claim under 18 U.S.C. § 1964(c), the statute providing a private cause of action to individuals harmed by violations of the federal Racketeering Influenced Corrupt Organizations Act ("RICO"). (Id. at ¶¶ 175–87 (§1983 claim), 188–206 (RICO claim).) The Court granted both the State's and Federal Defendant's motions to dismiss. (Spencer I, ECF Doc. No. 53 (order granting the State Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6); No. 59 (order granting the Federal Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1)). The Plaintiffs appealed these dismissals to the First Circuit Court of Appeals. (See Spencer, et al v. NH State Police, et al, No. 21-1139.) On December 7, 2021, the First Circuit determined that the claims were properly dismissed and affirmed the district court's decision.

 On or about November 16, 2022, Plaintiffs filed the present action in Belknap Superior Court. On January 17, 2023, the Federal Defendants removed this action to this Court. ECF Doc. No. 1. In this matter, the Plaintiffs allege a single tort claim of malicious prosecution. (Compl. ¶¶ 182–193.) The factual allegations in this action are virtually identical to those alleged in the second amended complaint filed in Spencer I except that the present complaint adds new allegations regarding FMCSA's civil penalty proceedings against Spencer Bros LLC, specifically regarding discovery issues during those proceedings and the FMCSA's recent dismissal. (Compl. ¶¶ 174–193.) Other than alleging that the civil penalty action was voluntarily dismissed by the FMCSA shortly before Tr. Doran was set to be deposed, (Compl. ¶¶ 184, 188), the new allegations concerning the FMCSA's civil penalty proceedings do not include any

specific allegations against the State Defendants, nor do the Plaintiffs specifically allege any level of involvement in the FMCSA's proceedings or the decision for voluntary dismissal. Because the Complaint fails to allege sufficient facts to state a claim for malicious prosecution against the State Defendants, the State Defendants now move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[4]

## LEGAL STANDARD

The State Defendants seek dismissal on the merits under Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court takes all well pleaded facts in the complaint as true and draws all reasonable inferences in the plaintiff's favor. Tomkins v. United Health Care of New England, Inc., 203 F.3d 90, 93 (1st Cir. 2000). The Court must "carefully balance the rule of simplified civil proceeding pleadings against our need for more than conclusory allegations." Aybar v. Crispin-Reyes, 118 F.3d 10, 13 (1st Cir. 1997) (quotation omitted). A claim will be dismissed "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). While a complaint "does not need detailed factual allegations," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), this Court must reject "unsupported conclusions or interpretations of law," Estate of Bennett v. Wainwright, 548 F.3d 155, 162 (1st Cir. 2008) (quotations omitted), and the allegations "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp., 550 U.S. at 555.

In determining a motion to dismiss, the Court is generally confined to the pleadings. A Court, however, may consider matters of public record, including documents from prior state

---

[4] On or about January 24, 2023, the Federal Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). See ECF Doc. No. 3.1. "Federal Defendants" refers to: (1) United States Department of Transportation; (2) Steven Piwowarski; (3) Douglas Wood; (4) Christopher Gray; (5) Cynthia Campise; and (6) Todd Damiani.

7

court proceedings, without being required to convert a Rule 12(b)(6) motion to a motion for summary judgment. In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15–16 (1st Cir. 2003); Boateng v. InterAmerican University, Inc., 210 F.3d 56, 60 (1st Cir. 2000); see also Watterson v. Paige, 987 F.2d 1, 3–4 (1st Cir. 1993). The Court must consider not only the complaint, but documents annexed to it or other materials fairly incorporated within it, which may include documents that are referred to in the complaint, but not attached. Cruz v. Melecio, 204 F.3d 14, 21 (1st Cir. 2000); Rodi v. Southern New England School of Law, 389 F.3d 5, 12 (1st Cir. 2004).

## ARGUMENT

**I.     The Complaint against the State Defendants must be dismissed because it fails to state a claim upon which relief can be granted.**

Count I of the Complaint alleges a claim of "Malicious Prosecution." (Compl. ¶¶ 182–193.) "In order to prevail on a civil malicious prosecution claim, the plaintiff must prove: (1) that he was subjected to a civil proceeding instituted by the defendant; (2) without probable cause; (3) with malice; and (4) that the proceedings terminated in the plaintiff's favor." Paul v. Sherburne, 153 N.H. 747, 749 (2006). Count I pertains to the civil penalty proceedings initiated and prosecuted by FMCSA and the recent voluntary dismissal of those proceedings by "Defendant FMCSA . . . ." (Compl. ¶¶ 174, 177.) The Complaint generally alleges that the Defendants engaged in harassing and retaliatory conduct towards the Plaintiffs. Assuming *arguendo* that these allegations are sufficient to establish the elements of malice and a favorable termination, the malicious prosecution claim must be dismissed against the State Defendants. More specifically, the Complaint fails to allege facts to establish that the State Defendants initiated FMCSA's civil penalty proceedings against Spencer Bros LLC. While this alone is sufficient basis to dismiss the claim against the State Defendants, the Complaint also fails to

establish that the FMCSA's civil proceedings were instituted without probable cause. For these reasons, the State Defendants must be dismissed.

> **I.    The Complaint fails to allege that the State Defendants initiated the civil proceedings against the Plaintiffs.**

**a.  The proceedings at issue were federal proceedings initiated by the FMCSA.**

The Plaintiffs' malicious prosecution claim set forth in Count I is based on proceedings initiated by the FMCSA. More specifically, the proceedings at issue are the civil penalty proceedings brought under 49 U.S.C. § 521(b).[5] While the Plaintiffs make general unsupported allegations against all "Defendants," the few specific allegations in the Complaint reflect that these are federal proceedings initiated and carried out by the FMCSA following the investigation by FMCSA's agents. (See Compl. ¶ 125 ("the case of the FMCSA"); ¶ 174 ("The FMCSA, through their agent, continued efforts to litigate the nominal fine . . ."); ¶ 177 ("Defendant FMCSA, through their agent Attorney Campise, voluntarily dismissed the matter").[6]

Pursuant to 49 U.S.C. § 31136(a), the Secretary of Transportation prescribes minimum safety standards for commercial vehicles, and under § 31144(a)(1), the Secretary is tasked with "determin[ing] whether an owner or operator is fit to safely operate commercial motor vehicles." The responsibility under § 31144 has been delegated to the FMCSA and is done through compliance review investigations and the issuance of safety ratings. See id.; 49 C.F.R. § 1.86, 1.87; 49 C.F.R. § 385. In addition to assigning safety ratings following a compliance review, the

---

[5] In Spencer I, Federal Defendants explained the detailed federal scheme for the regulation of commercial motor vehicles, including the statutory framework for compliance reviews, safety ratings, and penalty proceedings. (See Spencer I, ECF Doc. No. 47 at 2–7.)

[6] Interestingly, in challenging the Department of Safety's claim of a "litigation hold" in August 2018, Plaintiffs' Complaint explicitly states that "no litigation had been initiated by the Plaintiff against the Defendants or vice versa."[6] (Id. ¶¶ 122–123.) Based on the allegations in the Complaint, it appears Plaintiffs understand the proceedings are by the FMCSA, not the State of New Hampshire or its employees.

FMCSA has the authority to initiate civil penalty proceedings.[7] 49 U.S.C. § 521(b); 49 C.F.R. §§ 386.11, 386.14.

As the Complaint clearly alleges, the State Defendants are all current or former employees of the Department of Safety. (Id. ¶¶ 5–9.) There are no allegations that any of the State Defendants are employed by the FMCSA or that the State Defendants are authorized conduct compliance reviews, issue safety ratings, or initiate civil penalty actions on behalf of the FMCSA. The issuance safety ratings and imposition of civil penalties are federal agency actions. While a state employee can refer information to the FMCSA, the State Defendants do not direct or control the FMCSA's investigations, nor are they able to issue safety ratings or impose civil penalties on behalf of the FMCSA.[8]

Setting aside the general issue that the proceedings at issue were brought under federal law and that state employees employed by the New Hampshire Department of Safety have no authority to take agency actions on behalf of the FMCSA or to initiate civil penalty actions against the Plaintiffs under the federal laws and regulations, the Complaint fails to allege conduct by any of the State Defendants that would support a finding that they instituted the FMCSA's proceedings against the Plaintiffs.[9] The Complaint alleges that "[e]ach of the several Defendants played a part in the prosecution of the plaintiff . . . ." (Compl. ¶ 193.) This allegation is unsupported by the allegations in the Complaint and is not entitled to the assumption of truth.

---

[8]

[9] In dismissing the Plaintiff's Second Amended Complaint against the State Defendants in Spencer I, the Court noted "Plaintiffs have not developed an argument establishing the causal connection between any of the state defendants' conduct and the lack of adequate process afforded to them in relation to the out-of-service order issued by FMCSA. (Spencer I, ECF Doc. No. 53 at 24 n.7.) The current complaint, which is virtually identical to the Second Amended Complaint, similarly fails to include allegations that establishes a connection between conduct of any State Defendants and the alleged malicious prosecution.

10

Other than the allegation that the parties (FMCSA and Spencer Bros LLC) intended to depose Tr. Doran, (Compl. ¶¶ 175–177), there are no specific allegations regarding any State Defendants' involvement in the civil penalty proceedings. Moreover, Defendants Hilts, Burke, Chaput, and Kace are not alleged to be witnesses to the proceedings. When the allegations specific to each State Defendant are reviewed, it is clear they cannot be subject to the Plaintiffs' malicious prosecution claim because the Plaintiffs have failed to allege any conduct that would establish that any of the State Defendants initiated the proceedings against the Plaintiffs.

Although Tr. Doran's observations during the stop on April 29 may have been reported to the FMCSA, this is not sufficient to establish that he initiated legal proceedings on behalf of the FMCSA. The Plaintiffs primary complaint with Tr. Doran's stop is that he did not collect any samples of the suspected hazardous materials, a complaint that Plaintiffs raised during the FMCSA's investigation. (See Compl. ¶¶ 105–107.) The Plaintiffs' Complaint seems to acknowledge that the FMCSA's case was not based solely on the April 29 traffic stop by Tr. Doran. (See id. ¶ 125.) While Tr. Doran's observations and statements were considered by the FMCSA, it is clear from the allegations in the Complaint that FMCSA undertook its own investigation following the initial stop. The FMCSA visited the LLC's property, spoke to competitors and customers of the LLC, subpoenaed documents, and spoke with Mr. Spencer on more than one occasion. The compliance review investigation revealed other violations in addition to the hazmat violations associated with the April 29 stop and the civil penalty action was not limited to hazmat violations. Neither Tr. Doran, nor any of the other State Defendants, are alleged to have conducted the investigation on behalf of the FMCSA. They did not direct FMCSA to issue an unsatisfactory safety rating or initiate civil penalty proceedings. At most, the Plaintiffs have alleged that Tr. Doran's report triggered the FMCSA's compliance review and

investigation. This is not enough to maintain a malicious prosecution action against Tr. Doran where the FMCSA conducted an independent investigation pursuant to federal law and regulations, issued an unsatisfactory safety rating for violations beyond what was initially discovered during the April 29 traffic stop, and took subsequent action to impose civil penalties.

The specific allegations against the remaining State Defendants establish no connection between them and the FMCSA's proceedings. With respect to Tr. Burke, the Complaint alleges that on June 13, 2016, Tr. Burke "filed a false report with the New Hampshire Department of Environmental Services (NHDES)." (Compl. ¶ 91.) They allege Defendant Burke called to report that agents from FMCSA reported during the visit they were nearly overcome with petroleum fumes inside the building. (Id. ¶¶ 91–92.) According to the allegations in the Complaint, NHDES inspected the property in response to the report by Tr. Burke and that NHDES determined any allegations to be unfounded. (Id. ¶ 109.) Even assuming all of this to be true, the Plaintiffs do not allege that the report to NHDES constituted or resulted in the initiation of legal proceedings, either by the FMCSA or NHDES. Moreover, the Complaint does not allege that the FMCSA initiated proceedings against the LLC based on the report by Tr. Burke or the observations allegedly made by its agents. There are no allegations to establish that Tr. Burke had any involvement in conducting the FMCSA's compliance review, issuing the proposed safety ratings, or initiating the civil penalty proceedings based on the violations discovered during the compliance review. Absent any facts to establish that Tr. Burke initiated or caused the civil proceedings against Spencer Bros LLC, the Plaintiffs' Complaint must be dismissed against him.

Similarly, the Complaint makes allegations against Inspector Chaput that seem wholly unrelated to the FMCSA's investigation, unsatisfactory safety rating, or the civil penalty action. The specific allegations against Inspector Chaput involve an inspection on May 13, 2016, of

Extreme Auto, a business in Belmont, New Hampshire owned by Robert Follansbee. (Id. ¶¶ 54–70.) The Plaintiffs allege Defendant Chaput harassed and/or threatened Mr. Follansbee, and that this was in retaliation against the Plaintiff. (Id. ¶¶ 60, 71.) Not only is Mr. Follansbee not a party to this action, the Complaint contains absolutely no allegations that connect the May 13 inspection in any way to the proceedings initiated by the FMCSA against Spencer Bros LLC. It is wholly unclear how Inspector Chaput's inspection of Extreme Auto is in any way relevant to the three violations detailed in the Notice of Claim, nor are there any allegations to suggest that the FMCSA relied on information from Inspector Chaput's investigation or that it was even relayed to the FMCSA. For these reasons, the Plaintiffs cannot maintain a malicious prosecution case against Inspector Chaput.

The Plaintiffs' attempt to assert a malicious prosecution claim against Tr. Kace and Attorney Hilts is even more perplexing. As against Tr. Kace, the Complaint alleges that Tr. Kace represented the State of New Hampshire during a state DMV administrative proceeding on November 2, 2016, and that following the hearing Tr. Kace subsequently stopped William Spencer because he suspected Mr. Spencer was operating an out-of-service vehicle. (Compl. ¶¶ 133-144.) There are no factual allegations involving Tr. Kace prior to November 2, 2016. Not only does the Complaint fail to allege how any of this pertains to the FMCSA's civil penalty proceedings at issue in Count I, the allegations involving Tr. Kace occurred months after the FMCSA's safety ratings and civil penalty proceedings were initiated in August 2016.

With respect to Attorney Hilts, Plaintiffs assert that Mr. Spencer "submitted formal FOIA and 91-A requests" and that on August 22, 2018, he called Defendant Hilts, who serves as legal counsel to the Department of Safety, told Mr. Spencer the FOIA requests could not be fulfilled due to a litigation hold. (Compl. ¶ 21.) More simply put, the sole allegation against Defendant

13

Hilts The is that he responded to a communication initiated by William Spencer in response to a request for information under RSA chapter 91-A. This communication is alleged to have occurred approximately two years <u>after</u> the FMCSA's proceedings were initiated. The Complaint is not only devoid of any factual allegations connecting Defendant Hilts to the FMCSA's investigation or civil proceedings, the Complaint fails to even allege Attorney Hilts had contact with any of the other defendants. It is worth nothing that in the prior litigation, the Plaintiffs conceded that Attorney Hilts should be dismissed in response to a motion to dismiss that described Plaintiffs' decision to name Attorney Hilts as a defendant as "truly mystifying." <u>Spencer I</u>, ECF Doc. No. 44 at 15; ECF Doc. No. 53 at 2 n.1. The Plaintiffs have added no new factual allegations against Attorney Hilts, and it remains wholly unclear why they continue to name him as a defendant.

Because the Complaint fails to allege any conduct by the State Defendants that would establish the required element that they initiated the legal proceedings at issue, the Plaintiffs have failed to state a viable malicious prosecution claim against any of the State Defendants. Accordingly, the Complaint must be dismissed against all State Defendants under <u>Fed. R. Civ. P. 12(b)(6)</u>.

## II.     The Complaint fails to establish a lack of probable cause.

Although the New Hampshire Supreme Court recognizes a malicious prosecution action for both criminal and civil proceedings, the definition of probable cause for malicious prosecution is slightly different in a civil action from that in a criminal action. To succeed on a malicious prosecution claim for a civil action, "the plaintiff is required to prove that the defendant, when he brought suit against the plaintiff, did not possess 'such knowledge of facts as "would lead a man of ordinary caution and prudence to believe"' that he had a cause of action

14

against the plaintiff." New Hampshire Practice Series: Personal Injury: Tort and Insurance Practice § 2.08 (citing Cohn v. Saidel, 71 N.H. 558, 567 (1902); Farrelly v. City of Concord, 168 N.H. 430, 445 (2015); Paul v. Sherburne, 153 N.H. 747, 749–50 (2006)).

The Plaintiffs allege the "the dismissal of the matter at the very moment that the alleged witnesses were to be deposed shows, with zero doubt that this entire proceeding was based upon a lack of probable cause" and that the "dismissal of the action in the FMCSA was intended to cover up the obvious, that this matter lacked merit from moment one." (Compl. ¶¶ 188, 191.) At most, this dismissal would be evidence towards the element requiring that the proceedings terminated in Plaintiffs' favor. The voluntary dismissal of an action, however, is not evidence of lack of probable cause. See Cohn v. Saidel, 71 N.H. 558, 565 (1902) ("In every case of an action for a malicious prosecution or suit, it must be averred and proved that the proceeding instituted against the plaintiff has failed; but its failure has never been held to be evidence of either malice or want of probable cause; much less that it is conclusive of those things." (quoting Stewart v. Sonneborn, 98 U.S. 187, 195 (1878)).

Further, Plaintiffs' claim there was no basis for any of the violations is false based on his own admissions during those proceedings. Plaintiffs allege "it has been clear from moment one of this matter that the Defendants had no evidence on which they could convicted the Plaintiff of any of the violations they have charged him with." (Compl. ¶ 187.) In the Reply to the Notice of Claim, Spencer Bros LLC admitted to committing one of the three violations that were the subject of the civil penalty proceedings. (See State Defs.' Ex. A at 48 (Notice of Claim); Ex. A at 51 (Spencer Bros LLC's Reply to FMCSA's Notice of Claim admitting to Violation # 2 regarding implementation of alcohol and/or controlled substances testing program). This admission directly contradicts the Plaintiffs' claim that probable cause was lacking.

Because the Complaint fails to establish a lack of probable cause, the malicious prosecution claim must be dismissed.

### III.     Plaintiff William Spencer lacks standing and should be dismissed as a plaintiff.

In addition to the reasons set forth above, William Spencer's claim for malicious prosecution must be dismissed for lack of standing. The Plaintiffs in this action are Spencer Bros. LLC and William Spencer, an individual employed by the LLC. (Compl. ¶¶ 2–3, 17.) Both the FMCSA's orders regarding the unsatisfactory safety rating and the civil penalty proceedings were against Spencer Bros LLC, not William Spencer. (See State Defs.' Ex. A (penalty proceedings); Ex. B (safety rating proceedings).) Accordingly, Plaintiffs have not established that William Spencer was the subject of the prosecution. Therefore, Mr. Spencer does not have an individual claim for malicious prosecution. Because the FMCSA's proceedings were against Spencer Bros LLC, William Spencer lacks standing to bring a malicious prosecution claim. See Pagan v. Calderon, 448 F.3d 16, 16 n.2 (1st Cir. 2006) ("[T]he general rule is that an employee does not have standing to sue when the alleged misconduct is directed at the corporation for which he worked and, therefore, the employee's loss of income or employment is merely incidental to the direct injury inflicted upon the corporation.")

## CONCLUSION

The Complaint sets forth a single claim for malicious prosecution against both the State and Federal Defendants. Because the allegations in the Complaint fail to establish that any of the Defendants initiated proceedings against the Plaintiffs or that there was a lack of probable cause, the Complaint fails to state a claim for malicious prosecution against the State Defendants. Accordingly, the Complaint against the State Defendants must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, it is respectfully requested that this Honorable Court order as follows:

A. Dismiss the Complaint against all State Defendants; and

B. Grant such other and further relief as justice may require.

Respectfully submitted,

MICHAEL DORAN,
WILLIAM BURKE,
KENNETH CHAPUT,
STEPHEN KACE,
DAVID HILTS,
IN THEIR OFFICIAL CAPACITIES

By their attorneys,

JOHN M. FORMELLA
ATTORNEY GENERAL

Date: February 6, 2023

/s/ *Christina M. Wilson*
Christina M. Wilson, NH Bar #268533
Assistant Attorney General
New Hampshire Attorney General's Office
Transportation and Construction Bureau
33 Capitol Street
Concord, NH 03301-6397
(603) 271-3675
Christina.M.Wilson@doj.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of February 2023, a copy of the foregoing was served via ECF on all counsel of record.

/s/ Christina M. Wilson
Christina M. Wilson, Bar. No. 268553