# EXHIBIT A

UNITED STATES DEPARTMENT OF TRANSPORTATION
FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION

In the Matter of:

Spencer Bros., LLC,

                    Respondent.

Docket No.: FMCSA-2016-0386
Old Case Number:  NH-2016-0030-US1395
USDOT No. 2901481
(Eastern Service Center)

## OBJECTION TO RESPONDENT'S REQUEST FOR HEARING AND MOTION FOR FINAL AGENCY ORDER

The Field Administrator ("FA") for the Federal Motor Carrier Safety Administration ("FMCSA") Eastern Service Center, by and through his undersigned attorney, hereby objects to Respondent's Request for Formal Hearing and moves for a Final Order finding the facts to be as alleged in the Notice of Claim and imposing a civil penalty of $3,940.  In support thereof, the FA states:

1.    On or about August 24, 2016, the FMCSA New Hampshire Division Administrator issued a Notice of Claim against Spencer Bros, LLC ("Respondent").  The violations set forth in the Notice of Claim were discovered during a June 13, 2016 Compliance Review.  The Notice of Claim proposed a civil penalty of $3,940 for the following violations:

- 49 C.F.R. § 177.817(a) – Transporting a shipment of hazardous materials not accompanied by a properly prepared shipping paper.  (one count).

- 49 C.F.R. § 382.115(a) – Failing to implement an alcohol and/or controlled substances testing program on the date the employer begins commercial motor vehicle ("CMV") operations.  (one count).

State Defs.' Ex. A 000001

- 49 C.F.R. § 383.37(a) – Allowing, requiring, permitting, or authorizing a driver to operate a CMV during any period in which the driver does not have a current CLP or CDL, or does not have a CLP or CDL with the proper class or endorsements.  An employer may not use a driver to operate a CMV who violates any restriction on the driver's CLP or CDL.  (one count).

Attachment 1 (Affidavit of Special Agent Douglas Wood), Exhibit 1 (Compliance Review) and Exhibit 2 (Notice of Claim).

2.    Respondent replied to the Notice of Claim on or about September 9, 2016. In its Reply, Respondent denied the violations of 49 C.F.R. §§ 177.817(a) and 383.37(a) and admitted the violation of 49 C.F.R. § 382.115(a).  Attachment 1, Exhibit 3 (Reply to Notice of Claim).

3.    As more fully set forth in the Memorandum of Law, there is no genuine dispute as to any material fact and the FA is entitled to judgment as a matter of law.

WHEREFORE, for the foregoing reasons and those more fully set forth in the Memorandum of Law, the FA respectfully requests that the Assistant Administrator issue an Order denying Respondent's request, granting the FA's Motion for Final Order, and assessing a civil penalty of $3,940.

Respectfully submitted,

Cynthia Campise, Trial Attorney
Office of Chief Counsel
FMCSI Eastern Service Center
802 Cromwell Park Drive, Suite N
Glen Burnie, Maryland 21061
(443) 703-2263 (Telephone)
(443) 703-2253 (Facsimile)

2

State Defs.' Ex. A 000002

## CERTIFICATE OF SERVICE

This is to certify that on the ___19___ day of October 2016, the undersigned sent, by the method indicated, the designated number of copies to each of the parties listed below.

| | |
|---|---|
| Michael J. Iacopino, Esq.<br>Brennan, Lenehan, Iacopino & Hickey<br>85 Brook Street<br>Manchester, NH  03104<br>*Counsel for Respondent* | One Copy<br>First Class Mail |
| Steven M. Piwowarski<br>FMCSA New Hampshire Division<br>James C. Cleveland Federal Building<br>53 Pleasant Street, Suite 3300<br>Concord, NH  03301<br>*Division Administrator* | One Copy<br>Electronic Mail |
| Docket Clerk<br>FMCSA Eastern Service Center<br>802 Cromwell Park Drive Suite N<br>Glen Burnie, MD 21061 | One Copy<br>Hand Delivered |
| USDOT Dockets<br>Docket Operations, M-30<br>1200 New Jersey Avenue, S.E.<br>West Building Ground Floor<br>Room W12-140<br>Washington, DC 20590 | Original<br>Filed electronically in FDMS |
| Adjudications Counsel<br>1200 New Jersey Avenue, S.E.<br>Room W61-218<br>Washington, DC 20590 | One Copy<br>Electronic Mail |

_____
Ashley M. Drexel

3

State Defs.' Ex. A 000003

**UNITED STATES DEPARTMENT OF TRANSPORTATION**
**FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION**

In the Matter of:

Spencer Bros., LLC,

             **Respondent**

**Docket No.: FMCSA-2016-** _0386_
**Old Case Number: NH-2016-0030-US1395**
**USDOT No. 2901481**
**(Eastern Service Center)**

## MEMORANDUM OF LAW IN SUPPORT OF
## OBJECTION TO RESPONDENT'S REQUEST FOR HEARING AND
## MOTION FOR FINAL ORDER

The Field Administrator ("FA") for the Federal Motor Carrier Safety Administration

("FMCSA"), Eastern Service Center hereby files this Memorandum of Law in support of

his Objection to Respondent's Request for Hearing and Motion for Final Order.

## I.    STATEMENT OF JURISDICTION & INTRODUCTION

Spencer Bros, LLC ("Respondent") is a private property hazardous material

("HAZMAT") carrier operating commercial motor vehicles in interstate commerce.

Attachment 1 (Affidavit of Special Agent Douglas Wood ("SA Wood")).  Respondent is

subject to the jurisdiction of the Secretary of Transportation and the Administrator,

Federal Motor Carrier Safety Administration, pursuant to 49 U.S.C. § 13501; 49 U.S.C.

§ 521(b);  49 U.S.C. § 31135 and § 31136; 49 U.S.C. Chapter 313; 49 U.S.C. Chapter

51; and 49 C.F.R. Parts 350-399.  Attachment 1.

## II.    STANDARD FOR ISSUANCE OF A FINAL ORDER.

A motion for final order is analogous to a motion for summary judgment.  *In re*

*Atma Singh dba A. Singh Transport*, FMCSA-2005-20041 (Final Order, February 20,

2007).  The moving party, therefore, bears the burden of proof delineated in Rule 56,

State Defs.' Ex. A 000004

Federal Rules of Civil Procedure, which provides that summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See, e.g., In re Crossman Auto Transport, Inc.*, FMCSA-2005-23318 (Final Order January 4, 2007) (*citing In re Forsyth Milk Hauling Co., Inc.*, Docket No. R3-90-037, 58 Fed. Reg. 16983, March 31, 1993 (Order, December 5, 1991).

Under the applicable standard, the moving party bears the burden of establishing that no genuine issue of material fact exists, and that as a matter of law it is entitled to judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Materiality is determined from the substantive law governing the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Bare denials without more are insufficient to raise a genuine issue of material fact. *In re Wilcox Trucking, Inc.*, FMCSA-2001-9596 (Order, July 27, 2007) (*citing In re R.M. Black, Jr. Produce, Inc.*, 58 Fed. Reg. 16916, 16980 (Final Order, FHWA 1992). The burden is upon the respondent to oppose a motion with that quantum of evidence needed to support an assertion that there is a material issue in dispute warranting a hearing. *In re Crosby Trucking Service, Inc.*, Docket No. R3-92-003 (Final Order, June 16, 1994).

Notwithstanding Respondent's failure to show any material facts in dispute, FA must establish a *prima facie* case. *See Forsyth Milk Hauling Co., Inc.* Unless Respondent admits or fails to deny having committed the violations alleged in the Notice of Claim, the FA must first present evidence clearly establishing all essential elements

2

State Defs.' Ex. A 000005

of his claim. *Id.* If the FA makes a *prima facie* case and the Respondent fails to produce evidence rebutting the *prima facie* case, the FA's motion will be granted. *Id.*

## III.  PROCEDURAL BACKGROUND.

On or about June 13, 2016, SA Doug Wood, assisted by New Hampshire Division Federal Program Manager ("FPM") Christopher Gray, began a Compliance Review of Respondent's business operations. Attachment 1, Exhibit 1 (Compliance Review). On or about August 24, 2016, FMCSA served on Respondent a Notice of Claim proposing a civil penalty of $3,940. Attachment 1, Exhibit 2 (Notice of Claim). The Notice of Claim, which was based on violations discovered during the Compliance Review, alleged the following violations.

- 49 C.F.R. § 177.817(a) – Transporting a shipment of hazardous materials not accompanied by a properly prepared shipping paper. (one count).
- 49 C.F.R. § 382.115(a) – Failing to implement an alcohol and/or controlled substances testing program on the date the employer begins commercial motor vehicle ("CMV") operations. (one count).
- 49 C.F.R. § 383.37(a) – Allowing, requiring, permitting, or authorizing a driver to operate a CMV during any period in which the driver does not have a current CLP or CDL, or does not have a CLP or CDL with the proper class or endorsements. An employer may not use a driver to operate a CMV who violates any restriction on the driver's CLP or CDL. (one count).

Attachment 1, Exhibit 2 (Notice of Claim).

Respondent replied to the Notice of Claim on or about September 9, 2016. Attachment 1, Exhibit 3 (Reply to Notice of Claim). In its Reply, Respondent denied the

3

State Defs.' Ex. A 000006

violations of 49 C.F.R. §§ 177.817(a) and 383.37(a) and admitted the violation of 49

C.F.R. § 382.115(a). *Id.* Respondent requests a formal hearing. *Id.* The FA objects to

the request for formal hearing because no genuine issue of material fact exists and, as

a matter of law, he is entitled to judgment.

## IV.  FACTS.

### A.  Violation of 49 C.F.R. § 177.817(a) – Transporting a shipment of HAZMAT not accompanied by a properly prepared shipping paper. (one count).

On or about April 29, 2016, Respondent transported four 275-gallon fuel oil tanks

that were not cleaned and purged of fuel oil, a HAZMAT, in commerce from Brewer,

Maine to Gilford, New Hampshire, without preparing a HAZMAT shipping paper for the

product onboard.  Attachment 1, Exhibit 3 (Reply to Notice of Claim wherein

Respondent admits that its driver William Spencer transported one 275-gallon fuel oil

tank from Brewer, Maine to New Hampshire without preparing a HAZMAT shipping

paper), Exhibit 4 (Documents establishing commerce:  1) Time Card produced by

William Spencer showing the initial "B" for Bill, the number "10" for 10 hours, and "Irving

4 c/o Brewer, Irving 1 c/o Fairfield and Hot Water Heater Lebanon n/c"; and 2)

Respondent's Invoice dated 4/29/16 to Irving Energy in Littleton, New Hampshire

showing the description of "4 tanks p/u Brewer, Maine yard" and the amount due as

$660) and Exhibit 5 (Driver/Vehicle Examination Report ("DVER")) dated 4/29/16

showing that Respondent's driver, William Spencer, transported HAZMAT from Maine to

New Hampshire without preparing a HAZMAT shipping paper; See page 1 and the

Inspection Notes on page 3) ; Attachment 2 (Declaration by Trooper First Class Michael

J. Doran ("TFC Doran")), Exhibit A (DVER dated 4/29/16 confirming it as the report he

4

State Defs.' Ex. A 000007

filed at the time of the stop), Exhibit B (Four photos taken on 4/29/16 by TFC Doran at Respondent's roadside inspection: the inside of Respondent's truck showing 4 oil tanks, Respondent's vehicle registration, the front of William Spencer's CDL, and the back of William Spencer's CDL), and Exhibit C (Signed Statement of TFC Doran dated 7/26/2016).

In its Reply, Respondent admits that its driver William Spencer transported one 275-gallon fuel oil tank from Brewer, Maine to New Hampshire without preparing a HAZMAT shipping paper.  Exhibit 3 (Reply to Notice of Claim at 1).  Respondent contests this violation because it argues that it was transporting only one empty fuel tank and it was cleaned and purged of all fuel oil before transport.  Id.

### B. Violation of 49 C.F.R. § 382.115(a) – Failing to implement an alcohol and/or controlled substances testing program on the date the employer begins CMV operations. (one count).

On or about April 29, 2016, Respondent used driver William Spencer to drive a CMV, a 2006 Peterbilt Dump Truck, displaying NH Commercial Registration OILTNK, said vehicle having a GVWR of 33,400 pounds, which was pulling a 2002 Eager Beaver trailer with NH Trailer registration OILTNK, said trailer having a GVWR of 40,000 pounds, in commerce from Laconia, New Hampshire, to Concord, New Hampshire.  At the time of this transportation, Respondent had not yet implemented an alcohol and/or controlled substances testing program.

In its Reply, Respondent admits this violation.  Respondent's admission creates no material issue of fact for which a hearing is warranted and the Field Administrator is entitled to judgment as a matter of law that the violation occurred.

5

State Defs.' Ex. A 000008

**C. Violation of 49 C.F.R. § 383.37(a) – Allowing, requiring, permitting, or authorizing a driver to operate a CMV during any period in which the driver does not have a current CLP or CDL or does not have a CLP or CDL with the proper class or endorsements. An employer may not use a driver to operate a CMV who violates any restriction on the driver's CLP or CDL.**

On or about April 29, 2016, Respondent knowingly allowed, required, permitted, or authorized its driver, William Spencer, to operate a CMV transporting Bulk Packages (275-gallon oil tanks) that had not been cleaned and purged of fuel oil in commerce from Brewer, Maine to Gilford, New Hampshire when that driver's CDL did not have the required HAZMAT endorsement to operate this vehicle. Attachment 1, Exhibits 3, 4, and 5; Attachment 2, Exhibits A-C. This is the same trip involved in the violation of 49 C.F.R. § 177.817(a) so the evidence establishing the trip, driver, and commerce is the same. Additionally, Respondent admits that its driver, William Spencer, did not have a HAZMAT endorsement. Exhibit 3.

In its Reply, Respondent contests this violation arguing that the tanks transported by Mr. Spencer did not contain HAZMAT. Exhibit 3 (Reply to Notice of Claim at 2). Specifically, Respondent argues that three tanks were empty and that the only fuel oil tank being transported was previously cleaned and purged so Mr. Spencer's CMV driver's license did not require a HAZMAT endorsement. *Id.*

## V.   **ARGUMENT.**

The sole controversy in this case is whether Respondent's driver, William Spencer, was transporting HAZMAT on his April 29, 2016 trip. Exhibit 3 (Reply to Notice Claim). Respondent asserts that William Spencer cleaned and purged the oil tank before transporting it. *Id.* However, Respondent's self-serving statement is

6

State Defs.' Ex. A 000009

controverted by TFC Doran's personal observations and Respondent's statements at the time of the stop. Attachment 2.

This same issue was raised and decided in Respondent's safety rating case. *In re Spencer Bros., LLC*, FMCSA-2016-0294 (Final Order Denying Petition for Administrative Review of Proposed Safety Rating, Sep. 16, 2016). The FA asserts that because the issue of whether Respondent cleaned and purged the fuel oil tank (and thus, Respondent was transporting HAZMAT) was decided in its safety rating case, Respondent is precluded from re-litigating it here in its civil penalty case. *In re New Prime, Inc. DBA Prime, Inc.*, FMCSA-2001-11166 (ALJ's Order Denying Motion for Partial Summary Judgment, Nov. 14, 2007) *citing to: U.S. v. Utah Construction & Mining Co.*, 384 U.S. 394 (1966). Specifically, the ALJ in the *New Prime, Inc.* case held, "it is well-settled that issue preclusion applies to adjudications within administrative agencies to the same extent as they apply to the courts. Once having decided an issue in one context, such as an appeal from an adverse safety rating, the agency need not decide the same issue a second time when it is raised in a civil penalty proceeding arising from the same set of facts." *Id.* at 2. While the safety rating case did not afford Respondent with a formal hearing (as is in this case), the ALJ continued in his order by stating that there was no prerequisite for a trial-type hearing to a valid determination that precludes re-litigation. *Id.* at 2.

If it is decided that issue-preclusion does not apply, the FA raises the same evidence and argument it made in Respondent's safety rating case: while Respondent asserts the tank was cleaned and purged, William Spencer never made such claim at the time of the stop. Attachment 2, Exhibit C; *See* para. 3 of Answer 2. To the contrary,

7

State Defs.' Ex. A 000010

at the time of the stop, Mr. Spencer admitted that the tanks were not cleaned and purged, and may have contained oil. *Id.* TFC Doran smelled an "extremely strong" odor of petroleum when Mr. Spencer opened the back door. Attachment 2, Exhibit C; *See* para. 3 of Answer 2. Additionally, when TFC Doran asked Mr. Spencer why he did not have a HM endorsement on his license, Mr. Spencer did not deny transporting HM; rather, he stated he did not want to take the test every two years. Attachment 2, Exhibit C at page 2.

TFC Doran took four photos at the stop: the back of Respondent's truck, the truck's registration, and two photos of Mr. Spencer's license. Attachment 2, Exhibit B. The photo of the back of Mr. Spencer's truck shows the four tanks.[1] *Id.* The photo of Mr. Spencer's license shows that he did not have a HAZMAT endorsement. *Id.*

Fuel oil is a combustible Class 3 HAZMAT. 49 C.F.R. § 172.101; *See* HAZMAT Table. An empty packaging containing only the residue of a HAZMAT shall be offered for transportation and transported in the same manner as when it previously contained a greater quantity of that HAZMAT. 49 C.F.R. § 173.29. To be exempted from this requirement by cleaning and purging the packaging, the packaging must be sufficiently cleaned of residue and purged of vapors to remove any potential hazard. 49 C.F.R. § 173.29(b)(2) (emphasis added). The tanks were not purged of vapors as TFC Doran noticed an "extremely strong" odor of petroleum. Attachment 2, Exhibit C. Plus, Mr. Spencer admitted that the tanks may have contained oil. *Id.*

---

[1] The Respondent asserts that only one tank was a fuel tank and TFC Doran states he called them fuel oil tanks because that is how Respondent's driver referred to them. The FA asserts that whether it was one fuel tank or four is irrelevant because even it was one fuel oil tank, it would still be HAZMAT.

8

State Defs.' Ex. A 000011

Respondent has provided no evidence that it cleaned and purged the tanks before transporting them other than Mr. Spencer's self-serving affidavit (which, is contradicted by his own statements made at the time of the stop). Attachment 1, Exhibit 3 and Attachment 2, Exhibit C. The Field Administrator however has provided testimony evidence by way of a declaration, documentary evidence, and photographic evidence establishing that Mr. Spencer transported HAZMAT on April 29, 2016. Attachments 1 and 2 with their exhibits. When Respondent transported that HAZMAT, it did so without having prepared a HAZMAT shipping paper and without the proper endorsement on its drivers' CDL. *Id.*

## VI.   **CIVIL PENALTY ASSESSMENT**

To determine an appropriate civil penalty for a violation of the FMCSRs, 49 U.S.C. § 521 mandates consideration of certain assessment criteria; namely, the nature and circumstances of the violation, its extent and gravity, Respondent's degree of culpability, Respondent's history of prior offenses, the penalty's effect on Respondent's ability to remain in business, and such other matters as justice and public safety may require. 49 U.S.C. § 521(b)(2)(D) (October 1, 2012). Attachment 1.

Here, SA Wood calculated the proposed penalty for the alleged violations using the Uniform Fine Assessment ("UFA") program. Attachment 1, Exhibit 6 (UFA Worksheet) and Exhibit 7 (Documents support Extent factor). The UFA Worksheet demonstrates that all mandatory factors were considered in determining the civil penalty for these violations. Attachment 1.

FMCSA has long held that in the absence of any evidence indicating the penalty calculation was either improper or inappropriate, the penalty assessment will be upheld.

9

State Defs.' Ex. A 000012

*In re Universal Enterprises of Mid Minnesota, Inc.*, FMCSA-2004-18590 (Final Order August 16, 2004); *In re RCS Intermodal Transportation, Inc.*, FMCSA-2002-13635 (Final Order April 29, 2003); *In re Paul Bartels Trucking Co.*, FMCSA-2001-8671 (Decision of Administrative Law Judge July 30, 2002 at page 7); *In re Alfred Chew and Martha Chew*, FHWA-1996-5323 (Final Order February 7, 1996). The correct use of UFA algorithms is presumed to meet statutory requirements. *In re Ulysses Molina dba Molina & Sons Trucking*, 2009 WL 4842823, FMCSA-2009-0148 (Final Order December 14, 2009).

Respondent has presented no evidence to indicate that the penalty calculation was either improper or inappropriate. Considering the statutory factors found in 49 U.S.C. § 521(b)(2)(D), the penalty proposed is entirely consistent with FMCSA's duty to induce further compliance.

## VII.   CONCLUSION

Examining the facts and circumstances surrounding the violations, the FA has demonstrated that he is entitled to an Order finding that the violations alleged in the Notice of Claim occurred, that the civil penalty is appropriate for the violations, and that he is entitled to judgment in the amount of $3,940.

Respectfully submitted,

Cynthia Campise
Trial Attorney
Office of Chief Counsel
FMCSA Eastern Service Center
802 Cromwell Park Drive, Suite N
Glen Burnie, Maryland 21061
(443) 703-2263 (Telephone)
(443) 703-2253 (Facsimile)

10

State Defs.' Ex. A 000013

## **Attachments and Exhibits**

| | |
|---|---|
| **Attachment 1** | Affidavit of Special Agent Douglas Wood |
| **Exhibit 1** | Compliance Review |
| **Exhibit 2** | Notice of Claim |
| **Exhibit 3** | Reply to Notice of Claim |
| **Exhibit 4** | Documents showing commerce |
| **Exhibit 5** | DVER dated 4/29/16 |
| **Exhibit 6** | Uniform Fine Assessment Worksheet |
| **Exhibit 7** | Supporting Documents for Extent Factor |
| | |
| **Attachment 2** | Declaration of TFC Doran |
| **Exhibit A** | DVER dated 4/29/16 |
| **Exhibit B** | Photos taken by TFC Doran on 4/29/16 |
| **Exhibit C** | Signed Statement of TFC Doran |

11

**State Defs.' Ex. A 000014**

# ATTACHMENT 1

State Defs.' Ex. A 000015

UNITED STATES DEPARTMENT OF TRANSPORTATION
FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION

In the Matter of:

Spencer Bros., LLC,

                        Respondent.

Docket No. FMCSA-2016-0386
Old Case No.: NH-2016-0030-US1395
USDOT No.: 2901481
(Eastern Service Center)

## DECLARATION OF DOUGLAS WOOD

Douglas Wood declares and states:

1.    I am over the age of 18, employed as a Special Agent for the Federal Motor Carrier Safety Administration ("FMCSA") New Hampshire Division, and make this Declaration based on my personal knowledge and my review of agency records, as well as records collected and maintained by the FMCSA in the performance of its official duties and required to be maintained by law and regulation.

2.    Spencer Bros, LLC ("Respondent") is a private property hazardous material ("HAZMAT") carrier operating commercial motor vehicles in interstate commerce. Respondent is subject to the jurisdiction of the Secretary of Transportation and the Administrator, Federal Motor Carrier Safety Administration, pursuant to 49 U.S.C. § 13501; 49 U.S.C. § 521(b);  49 U.S.C. § 31135 and § 31136; 49 U.S.C. Chapter 313; 49 U.S.C. Chapter 51; and 49 C.F.R. Parts 350-399.

3.    On or about June 13, 2016, I, assisted by New Hampshire Division Federal Program Manager Christopher Gray, began a Compliance Review of Respondent's business operations.  Exhibit 1 (Compliance Review).

State Defs.' Ex. A 000016

4.   On or about August 24, 2016, FMCSA served on Respondent a Notice of Claim proposing a civil penalty of $3,940.  Exhibit 2 (Notice of Claim).  The Notice of Claim, which was based on violations discovered during the Compliance Review, alleged the following violations:

- 49 C.F.R. § 177.817(a) – Transporting a shipment of hazardous materials not accompanied by a properly prepared shipping paper.  (one count).

- 49 C.F.R. § 382.115(a) – Failing to implement an alcohol and/or controlled substances testing program on the date the employer begins commercial motor vehicle ("CMV") operations.  (one count).

- 49 C.F.R. § 383.37(a) – Allowing, requiring, permitting, or authorizing a driver to operate a CMV during any period in which the driver does not have a current CLP or CDL, or does not have a CLP or CDL with the proper class or endorsements.  An employer may not use a driver to operate a CMV who violates any restriction on the driver's CLP or CDL.  (one count).

Exhibit 2 (Notice of Claim).

5.   Respondent replied to the Notice of Claim on or about September 9, 2016.  Exhibit 3 (Reply to Notice of Claim).

6.   **Violation of 49 C.F.R. § 177.817(a) – Transporting a shipment of HAZMAT not accompanied by a properly prepared shipping paper.**

a.   On or about April 29, 2016, Respondent transported four 275-gallon fuel oil tanks that were not cleaned and purged of fuel oil, a HAZMAT, in commerce from Brewer, Maine to Gilford, New Hampshire, without preparing a HAZMAT shipping paper for the product onboard.  Exhibit 3 (Reply to Notice of Claim wherein Respondent

2

State Defs.' Ex. A 000017

admits that its driver William Spencer transported one 275-gallon fuel oil tank from Brewer, Maine to New Hampshire without preparing a HAZMAT shipping paper), and Exhibit 4 (Documents establishing commerce: 1) Time Card produced by William Spencer showing the initial "B" for Bill, the number "10" for 10 hours, and "Irving 4 c/o Brewer, Irving 1 c/o Fairfield and Hot Water Heater Lebanon n/c"; and 2) Respondent's Invoice dated 4/29/16 to Irving Energy in Littleton, New Hampshire showing the description of "4 tanks p/u Brewer, Maine yard" and the amount due as $660) and Exhibit 5 (Driver/Vehicle Examination Report ("DVER") dated 4/29/2016 showing that Respondent's driver, William Spencer, transported HAZMAT from Maine to New Hampshire without preparing a HAZMAT shipping paper; See page 1 and the Inspection Notes on page 3).

b. I contacted Trooper First Class Michael Doran of the New Hampshire State Police because he was the trooper who conducted the roadside inspection on April 29, 2016. I obtained a statement wherein he verified that the tanks were not cleaned and purged.

7. **Violation of 49 C.F.R. § 382.115(a) – Failing to implement an alcohol and/or controlled substances testing program on the date the employer begins CMV operations.**

a. On or about June 17, 2016, Respondent used driver William Spencer to drive a CMV, a 2006 Peterbilt Dump Truck, displaying NH Commercial Registration OILTNK, said vehicle having a GVWR of 33,400 pounds, which was pulling a 2002 Eager Beaver trailer with NH Trailer registration OILTNK, said trailer having a GVWR of 40,000 pounds, in commerce from Laconia, New Hampshire, to Concord, New

3

State Defs.' Ex. A 000018

Hampshire. At the time of this transportation, Respondent had not yet implemented an alcohol and/or controlled substances testing program.

      b. In its Reply, Respondent admits this violation.

    8. **Violation of 49 C.F.R. § 383.37(a) – Allowing, requiring, permitting, or authorizing a driver to operate a CMV during any period in which the driver does not have a current CLP or CDL or does not have a CLP or CDL with the proper class or endorsements. An employer may not use a driver to operate a CMV who violates any restriction on the driver's CLP or CDL.**

      a. On or about April 29, 2016, Respondent knowingly allowed, required, permitted, or authorized its driver, William Spencer, to operate a CMV transporting Bulk Packages (275-gallon oil tanks) that had not been cleaned and purged of fuel oil in commerce from Brewer, Maine to Gilford, New Hampshire when that driver's CDL did not have the required HAZMAT endorsement to operate this vehicle. Exhibits 3, 4, and 5.

      b. This is the same trip involved in the violation of 49 C.F.R. § 177.817(a) so the evidence establishing the trip, driver, and commerce is the same. Additionally, Respondent admits that its driver, William Spencer, did not have a HAZMAT endorsement. Exhibit 3.

      c. Fuel oil is a combustible Class 3 HM. 49 C.F.R. § 172.101; *See* HM Table. An empty packaging containing only the residue of a HM shall be offered for transportation and transported in the same manner as when it previously contained a greater quantity of that HM. 49 C.F.R. § 173.29. To be exempted from this requirement by cleaning and purging the packaging, the packaging must be sufficiently cleaned of

4

State Defs.' Ex. A 000019

residue <u>and</u> purged of vapors to remove any potential hazard.  49 C.F.R. § 173.29(b)(2) (emphasis added).  The tanks were not purged of vapors as Trooper Doran told me that he noticed an "extremely strong" odor of petroleum.

9. **Civil Penalty Assessment.**

a. To determine an appropriate civil penalty for a violation of the FMCSRs, 49 U.S.C. § 521 mandates consideration of certain assessment criteria; namely, the nature and circumstances of the violation, its extent and gravity, Respondent's degree of culpability, Respondent's history of prior offenses, the penalty's effect on Respondent's ability to remain in business, and such other matters as justice and public safety may require.  49 U.S.C. § 521(b)(2)(D) (October 1, 2012).

b. Here, I calculated the proposed penalty for the alleged violations using the Uniform Fine Assessment ("UFA") program.  Exhibit 6 (UFA Worksheet) and Exhibit 7 (Documents support Extent factor).  The UFA Worksheet demonstrates that all mandatory factors were considered in determining the civil penalty for these violations.

10. The following exhibits are attached hereto and incorporated herein by reference:

> **Exhibit 1** Compliance Review
> **Exhibit 2** Notice of Claim
> **Exhibit 3** Reply to Notice of Claim
> **Exhibit 4** Documents showing commerce
> **Exhibit 5** DVER dated 4/29/2016
> **Exhibit 6** Uniform Fine Assessment Worksheet
> **Exhibit 7** Supporting Documents for Extent Factor

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this / 7 day of October 2016.

Douglas Wood

5

State Defs.' Ex. A 000020

# EXHIBIT 1

**State Defs.' Ex. A 000021**

**UNITED STATES DEPARTMENT OF TRANSPORTATION**

| US DOT # 2901481 | Legal: SPENCER BROS LLC |
| | Operating (DBA): |

| MC/MX #: | | Federal Tax ID ██████████ | | · |

**Review Type:** Compliance Review (CR)

**Scope:** Principal Office | **Location of Review/Audit:** Company facility in the U. S. | **Territory:**

| Operation Types | Interstate | Intrastate | |
| --- | --- | --- | --- |
| Carrier: | HM | HM | **Business:** Corporation |
| Shipper: | HM | HM | **Gross Revenue:** $247,425.00    **for year ending:** 12/31/2015 |
| Cargo Tank: | N/A | | |

**Company Physical Address:**

116 HOUNSELL AVE UNIT 2
LACONIA, NH 03246-1377

**Contact Name:** William Spencer
**Phone numbers: (1)** 603-556-9300    **(2)**    Fax
**E-Mail Address:** spencerbrosnh@gmail.com

**Company Mailing Address:**

PO BOX 7623
LACONIA, NH 03247-7263

**Carrier Classification**

Private Property

**Cargo Classification**

Liquids / Gases in Cargo Tanks

**Hazardous Materials**

| 3 Combustible liquid | Carr./Ship. | Bulk | 9 Miscellaneous HM | Carried | Non-Bulk |

**Equipment**

| | Owned | Term Leased | Trip Leased | | Owned | Term Leased | Trip Leased |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Truck | 3 | 0 | 0 | Trailer | 2 | 0 | 0 |

Power units used in the U.S.:3
Percentage of time used in the U.S.:100

**Does carrier transport placardable quantities of HM?**    Yes
**Is an HM Permit required?**    N/A

**Driver Information**

| | Inter | Intra | |
| --- | --- | --- | --- |
| | | | **Average trip leased drivers/month:** 0 |
| < 100 Miles: | 1 | | **Total Drivers:** 1 |
| >= 100 Miles: | | | **CDL Drivers:** 1 |

O9ITA9LS1AZAA

State Defs.' Ex. A 000022



**SPENCER BROS LLC**
U.S. DOT #: 2901481

Review Date:
07/27/2016

## Part A

Questions about this report or the Federal Motor Carrier Safety or Hazardous Materials regulations
may be addressed to the Federal Motor Carrier Safety Administration at:

JC Cleveland Federal Building 53 Pleasant Street, Suite 3300
Concord, NH 03301
Phone: (603)228-3112    Fax:(603)223-0390

**This report will be used to assess your safety compliance.**

**Person(s) Interviewed**
  **Name:** William Spencer

  **Name:**

**Title:** Operations Manager

**Title:**

O9ITA9LS1AZAA

State Defs.' Ex. A 000023



| **SPENCER BROS LLC** U.S. DOT #: 2901481 | Review Date: 07/27/2016 |
| --- | --- |

## Part B Violations

| 1 FEDERAL **ACUTE** | Primary: 382.115(a) | Discovered 1 | Checked 1 | **Drivers/Vehicles** In Violation 1 | Checked 1 |
| --- | --- | --- | --- | --- | --- |

**Description**
Failing to implement an alcohol and/or controlled substances testing program on the date the employer begins commercial motor vehicle operations.

**Example**
DRIVER WILLIAM SPENCER, TRIP DATE 6/17/16.
CARRIER HAD NOT IMPLEMENTED A D/A TESTING PROGRAM UNTIL 6/20/2016.

| 2 FEDERAL **ACUTE** | Primary: 383.37(a) | Discovered 1 | Checked 1 | **Drivers/Vehicles** In Violation 1 | Checked 1 |
| --- | --- | --- | --- | --- | --- |

**Description**
Allowing, requiring, permitting, or authorizing a driver to operate a CMV during any period in which the driver does not have a current CLP or CDL or does not have a CLP or CDL with the proper class or endorsements. An employer may not use a driver to operate a CMV who violates any restriction on the driver's CLP or CDL.

**Example**
DRIVER WILLIAM SPENCER, TRIP DATE 4/29/16.
DRIVER WILLIAM SPENCER DOES NOT HAVE HM ENDORSEMENT.
COMBUSTIBLE LIQUID, NA 1993, PG III, 275 GALLON OIL TANK.

| 3 FEDERAL **CRITICAL** | Primary: 177.800(c) Secondary: 172.704(a)(1) | Discovered 2 | Checked 2 | **Drivers/Vehicles** In Violation 2 | Checked 2 |
| --- | --- | --- | --- | --- | --- |

**Description**
Failing to instruct a category of employees in the hazardous material regulations by failing to provide General Awareness Training.

**Example**
DRIVER WILLIAM SPENCER, TRIP DATE 4/29/16.
CARRIER FAILED TO PROVIDE HM TRAINING TO ANY AND ALL EMPLOYEES/DRIVERS/LABORERS.
COMBUSTIBLE LIQUID, NA 1993, PG III, 275 GALLON OIL TANK.

| 4 FEDERAL **CRITICAL** | Primary: 177.817(a) | Discovered 2 | Checked 2 | **Drivers/Vehicles** In Violation 1 | Checked 1 |
| --- | --- | --- | --- | --- | --- |

**Description**
Transporting a shipment of hazardous materials not accompanied by a properly prepared shipping paper.

**Example**
DRIVER WILLIAM SPENCER, TRIP DATE 4/29/16.
COMBUSTIBLE LIQUID, NA 1993, PG III, 275 GALLON OIL TANK.
CARRIER FAILED TO CREATE PROPER SHIPPING PAPERS.

| 5 FEDERAL **CRITICAL** | Primary: 395.8(a) | Discovered 1 | Checked 1 | **Drivers/Vehicles** In Violation 1 | Checked 1 |
| --- | --- | --- | --- | --- | --- |

**Description**
Failing to require driver to make a record of duty status.

**Example**
DRIVER WILLIAM SPENCER, TRIP DATE 4/29/16.

State Defs.' Ex. A 000024



**SPENCER BROS LLC**
U.S. DOT #: 2901481

Review Date:
07/27/2016

## Part B Violations

| 6 STATE CRITICAL | Primary: 395.8(a) CFR Equivalent: 395.8(a) | Discovered 1 | Checked 1 | **Drivers/Vehicles** In Violation 1 / Checked 1 |
|---|---|---|---|---|

**Description**
Failing to require driver to make a record of duty status.
**Example**
DRIVER WILLIAM SPENCER, TRIP DATE 4/29/16.
FAILED TO COMPLETE A TIME RECORD THAT MEETS PART 395.1 OR 395.8.

| 7 FEDERAL | Primary: 107.608(b) | Discovered 1 | Checked 1 | **Drivers/Vehicles** In Violation / Checked |
|---|---|---|---|---|

**Description**
Transporting a hazardous material without having registered with the Department, under Subpart G of Part 107.
**Example**
DRIVER WILLIAM SPENCER, TRIP DATE 4/29/16.
COMBUSTIBLE LIQUID, NA 1993, PG III, 275 GALLON OIL TANK.
TRANSPORTING PLACARDABLE HM AND NOT REGISTERED WITH PHMSA.

| 8 FEDERAL | Primary: 172.600(c)(1) | Discovered 2 | Checked 2 | **Drivers/Vehicles** In Violation / Checked |
|---|---|---|---|---|

**Description**
Failing to provide emergency response information.
**Example**
DRIVER WILLIAM SPENCER, TRIP DATE 4/29/16.
COMBUSTIBLE LIQUID, NA 1993, PG III, 275 GALLON OIL TANK.
CARRIER DOES NOT HAVE ANY EMERGENCY RESPONSE INFORMATION.

| 9 FEDERAL | Primary: 172.704(c)(2) | Discovered 1 | Checked 1 | **Drivers/Vehicles** In Violation / Checked |
|---|---|---|---|---|

**Description**
Failing to retrain hazardous material employees every three years.
**Example**
DRIVER WILLIAM SPENCER, TRIP DATE 4/29/16.
DATE OF HIRE: NH SECRETARY OF STATE SHOWS REGISTRATION OF 2012.
DRIVER WILLIAM SPENCER SAYS HE HAD TRAINING 10 YEARS AGO.
DRIVER, LOADS AND UNLOADS HM.
COMBUSTIBLE LIQUID, NA 1993, PG III, 275 GALLON OIL TANK.

| 10 FEDERAL | Primary: 177.823(a) | Discovered 1 | Checked 1 | **Drivers/Vehicles** In Violation 1 / Checked 1 |
|---|---|---|---|---|

**Description**
Moving a transport vehicle containing hazardous material that is not properly marked or placarded.
**Example**
DRIVER WILLIAM SPENCER, TRIP DATE 4/29/16.
NO SHIPPING PAPERS
COMBUSTIBLE LIQUID, NA 1993, PG III, 275 GALLON OIL TANK.
CLASS 3 PLACARD REQUIRED

State Defs.' Ex. A 000025



| SPENCER BROS LLC | | Review Date: |
|---|---|---|
| U.S. DOT #: 2901481 | | 07/27/2016 |

## Part B Violations

| 11 FEDERAL | Primary: 391.51(a) | Discovered 1 | Checked 1 | Drivers/Vehicles In Violation 1 | Checked 1 |
|---|---|---|---|---|---|

**Description**
Failing to maintain driver qualification file on each driver employed.
**Example**
DRIVER WILLIAM SPENCER, TRIP DATE 4/29/16.

| 12 FEDERAL | Primary: 392.9b(a) | Discovered 1 | Checked 1 | Drivers/Vehicles In Violation 1 | Checked 1 |
|---|---|---|---|---|---|

**Description**
Operating a CMV in interstate commerce without USDOT Registration.
**Example**
DRIVER WILLIAM SPENCER TRIP DATE 4/29/16.
CARRIER FAILED TO OBTAIN US DOT NUMBER BEFORE INTERSTATE OPERATION.

| 13 FEDERAL | Primary: 396.3(b)(1) | Discovered 5 | Checked 5 | Drivers/Vehicles In Violation 5 | Checked 5 |
|---|---|---|---|---|---|

**Description**
Failing to keep a maintenance record which identifies the vehicle, including make, serial number, year, and tire size.
**Example**
DRIVER WILLIAM SPENCER, TRIP DATE 4/29/16.
VEHICLE ID RECORDS CREATED BY PEASLEY CONSULTANTS ON 6/17/16.

| 14 STATE | Primary: 396.3(b)(3)  CFR Equivalent: 396.3(b)(3) | Discovered 1 | Checked 5 | Drivers/Vehicles In Violation 1 | Checked 5 |
|---|---|---|---|---|---|

**Description**
Failing to keep a record of inspection, repairs and maintenance indicating their date and nature.
**Example**
DRIVER WILLIAM SPENCER TRIP DATE 6/17/16
MISSING WORK ORDERS FOR REPAIRS MADE.

| 15 FEDERAL | Primary: 396.11(a) | Discovered 1 | Checked 1 | Drivers/Vehicles In Violation 1 | Checked 1 |
|---|---|---|---|---|---|

**Description**
Failing to require driver to prepare driver vehicle inspection report.
**Example**
DRIVER WILLIAM SPENCER, TRIP DATE 4/29/16, NH PLATE OILTNK1.
NO DVIR PREPARED AFTER ROADSIDE STOP INDICATED MECHANICAL VIOLATIONS.

State Defs.' Ex. A 000026



| **SPENCER BROS LLC**<br>U.S. DOT #: 2901481 | Review Date:<br>07/27/2016 |
|---|---|

## Part B Violations

| 16<br>FEDERAL | Primary: 5121(c)<br>Secondary: 521(b)(2)(E) | Discovered<br>1 | Checked<br>1 | Drivers/Vehicles<br>In Violation    Checked<br>1            1 |
|---|---|---|---|---|

**Description**
Failing to allow, upon demand, a designated employee of FMCSA to promptly inspect and copy and/or inspect and examine equipment, lands, buildings, or other property in accordance with 49 USC section 5121(c).
DATE OF FIRST MEETING 6/13/16, REQUEST TO SEE DOCUMENTS THAT WERE ON THE PROPERTY AT THE TIME.
DATE CARRIER REFUSED ACCESS TO RECORDS ON THE PROPERTY 6/13/16.
CARRIER REPRESENTATIVE PRESENT: WILLIAM SPENCER (OPERATIONS MANAGER)

| **Safety Fitness Rating Information:** | | **OOS Vehicle (CR):** 0 |
|---|---|---|
| Total Miles Operated | 7,899 | **Number of Vehicle Inspected (CR):** 2 |
| Recordable Accidents | 0 | **OOS Vehicle (MCMIS):** 0 |
| Recordable Accidents/Million Miles | 0.00 | **Number of Vehicles Inspected (MCMIS):** 1 |

Your proposed safety rating is :

# UNSATISFACTORY

| Rating Factors | | Acute | Critical |
|---|---|---|---|
| Factor 1: | S | 0 | 0 |
| Factor 2: | U | 2 | 0 |
| Factor 3: | U | 0 | 2 |
| Factor 4: | S | 0 | 0 |
| Factor 5: | U | 0 | 2 |
| Factor 6: | S | - | - |

Effective date: The unsatisfactory rating will take effect 45 days after the date of a forthcoming official notice from the Federal Motor Carrier Safety Administration headquarters office in Washington, D.C.

PROHIBITION:  Under 49 USC sections 13905(f)(1)(B) and 31144, and 49 CFR section 385.13, a motor carrier that receives a final safety rating of unsatisfactory is prohibited from operating a commercial motor vehicle in interstate and intrastate commerce and, if applicable, shall have its registration revoked unless and until such time the FMCSA determines the motor carrier is fit and the motor carrier has reinstated its registration.

49 U.S.C. 31144 provides that the prohibition takes effect unless the motor carrier, within 45 days of the date of the forthcoming official notice, takes the necessary steps to improve the rating to conditional or satisfactory.

Unless the motor carrier receives an improved rating within 45 days from the date of the forthcoming official notice from Washington, D,C, the motor carrier will be subject to the prohibition in 49 CFR  385.13.

Corrective actions must be taken for the violations (deficiencies) listed on Part B of this review. Title 49 CFR Sections 385.15 and 385.17 provide for administrative review and a change to a safety rating based on corrective actions, respectively.  A request for a change to a safety rating under section 385.17 may be made at any time.  A motor carrier may request, in writing, a change in the rating by providing evidence of corrective actions to the Field Administrator for the FMCSA Service Center in which the carrier maintains its principal place of business. (See 49 CFR 385.17 for additional details).  A request for administrative review under section 385.15 must be made within 90 days of the date of the proposed safety rating issued under section 385.11(c) or a final safety rating issued under section 385.11(b), or within 90 days after denial of a request for a change in rating under section 385.17.

Administrative Review:  A motor carrier of hazardous materials or passengers may appeal its proposed safety rating in a petition filed pursuant to 49 CFR section 385.15 if it believes that the rating is in error and there are factual and procedural issues in dispute.  Such appeals must be made within 90 days of the date of the proposed safety rating, but should be made within 15 days of the date of the safety rating notice to allow the FMCSA to issue a written decision before the prohibitions in 49 CFR 385.13 take effect. Appeals filed pursuant to section 385.15 should be addressed to: Chief Safety Officer, Federal Motor Carrier Safety Administration, 1200 New Jersey Ave., S.E., Washington, DC 20590. The motor carrier will receive a written decision on the petition within 30 days from receipt of the petition by the Chief Safety Officer. (See 49 CFR 385.15 for additional details.)


O9ITA9LS1AZAA

**State Defs.' Ex. A 000027**



**SPENCER BROS LLC**
U.S. DOT #: 2901481

Review Date:
07/27/2016

### Part B Violations

(Note: Neither a petition to contest the rating nor a request for a change in the rating will delay the effective date of the rating, if unchanged.)

If this was a focused investigation, which will be noted in the Review Type on the first page of this report (Part A), some factors shown above may be marked "SATISFACTORY" even if they were not reviewed. A focused investigation will not result in a SATISFACTORY safety rating because all standards and factors specified in 40 CFR 383.5 and 385.7 were not examined in full, even though it may appear that they were under the rating factors in Part B of this document. It may, however, result in a less than SATISFACTORY rating if sufficient violations are discovered in the parts and factors examined to result in a CONDITIONAL or UNSATISFACTORY rating, or a non-ratable review.

If you receive a conditional or unsatisfactory rating, you may request an administrative review under 49 CFR 385.15 or a safety rating upgrade based on corrective action under 49 CFR 385.17. However, a successful request may only result in a non-ratable status, upgrade to a conditional safety rating, or reinstatement of your most recent safety rating. You will not receive a new satisfactory safety rating as a result of your request(s) under 49 CFR 385.15 and/or 49 CFR 385.17.

State Defs.' Ex. A 000028



**SPENCER BROS LLC**

U.S. DOT #: 2901481

Review Date: 07/27/2016

## Part B Requirements and/or Recommendations

1. Conduct periodic internal reviews of your maintenance, hazardous materials handling, driver qualification, hours of service control, accident reporting, training, and other safety systems to ensure continued compliance.

2. Require all drivers to prepare complete and accurate records of duty status for each day, and to submit them within 13 days. Maintain all duty status records on file, with all supporting documents, for at least 6 months.

3. Toll receipts and other on-the-road expense receipts, invoices, bills of lading, dispatch records, and other "supporting document" must be kept on file for six (6) months. This requirement also applies to records generated by the use of owner-operators. You may keep legible photocopies in lieu of originals.

4. Establish a systematic maintenance records program for all vehicles. Maintain a complete file for each subject vehicle, recording all repair, maintenance and inspection operations performed.

5. Obtain and become familiar with the United States Federal Hazardous Materials Regulations, Title 49 CFR, Parts 100-199.

6. A complete Educational and Technical Assistance package entitled " A MOTOR CARRIER'S GUIDE TO IMPROVING HIGHWAY SAFETY" is available free on the FMCSA website to assist you in complying with the safety regulations. It contains many forms and documents useful for improving the safety of your operations. Check: www.fmcsa.dot.gov/factsfigs/eta/index.html.

7. HOS COMPLIANCE BASIC PROCESS BREAKDOWN: Roles and Responsibilities

DESCRIPTION OF PROCESS BREAKDOWN: During the review of HOS/ time records. William Spencer indicated that he was the only driver and produced copies of an appointment book that he claims to use as time records. These records listed his name or initial and total hours only. William Spencer as Operations Manager and driver has the role and responsibility of ensuring compliance. Mr. Spencer indicated that he thought he was doing it correctly. Mr. Spencer has previous knowledge in this area because he was the LLC Member of Pro Se Excavations LLC (dot 1744405) (inactive) which had a safety audit in 2009 where Mr. Spencer, according to the SA, had time records that met the HOS exemption.

BASIC SPECIFIC RECOMMENDED REMEDIES: Mr. Spencer had hired Peasley Safety Consultants to assist him with compliance. Mr. Spencer acknowledged that Wayne Peasley had gone over the HOS regulations with him and he will be in compliance in the future.

Implement Safety Improvement Practices: The following are recommended practices related to Roles and Responsibilities.
• Define and document roles and responsibilities of managers and supervisors for monitoring compliance with Hours-of-Service (HOS) policies.
• Ensure that managers are responsible for reviewing Records of Duty Status (RODS) for accuracy and for disciplining those who falsify their logs.
• Assign responsibility for making sure that all Records of Duty Status (RODS) are collected and stored for six months.
• Prior to accepting shipments, ensure that dispatchers are responsible for mapping out routes, asking drivers how many hours they have driven recently, and verifying that the route can be completed without breaking Hours-of-Service (HOS) regulations.
• Ensure that drivers are responsible for informing the carrier when they are sick, keeping accurate Records of Duty Status (RODS), and planning their route so that it can be completed efficiently within Hours-of-Service (HOS) rules.
• Define and document roles and responsibilities of drivers and dispatchers as they pertain to Hours-of-Service (HOS) policies and procedures.

HAZMAT Carrier Only:

State Defs.' Ex. A 000029



| | |
|---|---|
| **SPENCER BROS LLC**<br>U.S. DOT #: 2901481 | Review Date:<br>07/27/2016 |

### Part B Requirements and/or Recommendations

- Ensure that managers and dispatchers ascertain that drivers who may already be stressed for time due to non-driving HAZMAT responsibilities are not overburdened.

Seek Out Resources:
- You are encouraged to review your company's record at the following website: http://ai.fmcsa.dot.gov/SMS. You will need to use your PIN Number that has been provided by the FMCSA.
- Contact industry associations to get resources and ideas on safety improvement practices from other carriers in the industry.

8. VEHICLE MAINTENANCE BASIC - INSPECTION-REPAIR-MAINTENANCE PROCESS BREAKDOWN: Training and Communication

DESCRIPTION OF PROCESS BREAKDOWN: During the review William Spencer (Operations Manager) produced "Vehicle Service Due Status Reports" that were provided by Wayne Peasley on 6/17/16 in an attempt to get the carrier into compliance. Mr. Spencer was able to produce parts receipts for parts purchased to repair the fleet however, he could not produce work/repair orders indicating when the repair was made. Mr. Spencer also could not produce a DVIR for 4/29/16 the date of a roadside inspection (#NH1039002337) where mechanical violations were discovered. Mr. Spencer has previous knowledge in this area because he was the LLC Member of Pro Se Excavations LLC (dot 1744405) (inactive) which had a safety audit in 2009. The SA showed that Mr. Spencer produced a Maintenance file.

BASIC SPECIFIC RECOMMENDED REMEDIES: Mr. Spencer was advised of the regulations. In conjunction with Peasley Consultants to make the required changes for compliance. Mr. Spencer said he would make the changes.

Implement Safety Improvement Practices: The following are recommended practices related to Communication and Training.
- Convey expectations to all applicable staff for adhering to vehicle inspection, repairing, and maintenance regulations and company policies and procedures, and for executing responsibilities by providing new-hire and refresher training, and establish communication channels such as newsletters and/or meetings focused on conflicts between vehicle availability and repair requirements.
- Ensure that all employees understand and accept their responsibility for timely communication of safety issues related to fleet inspection, repair, and maintenance to the appropriate individuals.
- Ensure that managers and supervisors articulate their commitment to and establish communication with employees concerning vehicle inspection, repair, and maintenance.
- Communicate the carrier's Vehicle Maintenance percentile to all staff and explain to them individually what they can do to help the carrier improve the percentile.
- Ensure that mechanics and technicians communicate with the vehicle and equipment manufacturers and receive regular updated bulletins and recommendations.
- Ensure that carriers with non-English-speaking employees who need to communicate with English-speaking employees and to understand English-language literature, such as the manufacturer's guide, have ways to deal successfully with language barriers.
- Ensure that all drivers, dispatchers, managers, mechanics, and technicians receive training, including methods and tools, and appropriate certifications to fulfill their responsibilities and documentation requirements regarding vehicle inspection, repair, and maintenance, as required by regulations and company policies.
- Implement and provide training for a fleet maintenance software system that can be updated according to current industry and regulatory standards, manufacturer's recommendations, and the carrier's experience.
- Train mechanics to be able to differentiate between safety-related defects and other defects - for example, by recognizing that defective wheel ends can lead to wheel separation.
- Ensure that drivers are trained in vehicle Out-of-Service (OOS) rules, their responsibilities in adhering to them, and the carrier's procedures for reporting OOS violations and communicating appropriately with other personnel.
- Train all staff who are required to monitor and track vehicle maintenance on the appropriate company policies, including those related to discipline and incentives.
- Provide hiring officials with guidance on how best to attract, screen, and qualify applicants who are most likely to adhere to vehicle inspection, repairing, and maintenance regulations and company policies and procedures.
- Reinforce training to drivers, mechanics, and other employees about vehicle maintenance policies, procedures,

O9ITA9LS1AZAA

State Defs.' Ex. A 000030



**SPENCER BROS LLC**
U.S. DOT #: 2901481

Review Date:
07/27/2016

## Part B Requirements and/or Recommendations

and responsibilities, using job aids, post-training testing, and/or refresher training. Encourage informal feedback among drivers and mechanics so that they can help each other to improve.

Seek Out Resources:
• You are encouraged to review your company's record at the following website: http://ai.fmcsa.dot.gov/SMS. You will need to use your PIN Number that has been provided by the FMCSA.
• Contact industry associations to get resources and ideas on safety improvement practices from other carriers in the industry.

9. CONTROLLED SUBSTANCES AND ALCOHOL BASIC PROCESS BREAKDOWN: Roles and Responsibilities

DESCRIPTION OF PROCESS BREAKDOWN: During the review William Spencer (Operations Manager) indicated that he was not in a D/A testing program until Peasley Consultants informed him of the requirement. Mr. Spencer enrolled with Lakes Region Occupational Health and took a pre-employment test on 6/16/16. William Spencer as Operations Manager and driver of the vehicles requiring an CDL has the role and responsibility of ensuring compliance Mr. Spencer has previous knowledge in this area because he was the LLC Member of Pro Se Excavations LLC (dot 1744405) (inactive) which had a safety audit in 2009 where Mr. Spencer was not enrolled in a D/A testing program and operating a CMV with a gvwr of 33,000 pounds.

BASIC SPECIFIC RECOMMENDED REMEDIES: Mr. Spencer was able to produce D/A testing information including a Policy and enrollment paperwork with LRGH that was signed on 6/20/16. He was assisted by Peasley Consulting in this effort.

Implement Safety Improvement Practices: The following are recommended practices related to Roles and Responsibilities.
• Ensure that managers are responsible for ascertaining that employees receive training concerning controlled substances and alcohol in accordance with State or Federal regulations and company policy.
• Ensure that managers are responsible for telling employees of a failed test and its implications.
• Regardless of carrier membership in a consortium, ensure that the carrier defines and documents the role and responsibilities of the designated employer representative (DER) in monitoring test procedures and checking results.
• If the carrier elects to join a consortium, ensure that the respective roles and responsibilities of the carrier and the consortium for controlled-substance and alcohol testing and reporting are defined and documented.

Seek Out Resources:
• You are encouraged to review your company's record at the following website: http://ai.fmcsa.dot.gov/SMS. You will need to use your PIN Number that has been provided by the FMCSA.
• Contact industry associations to get resources and ideas on safety improvement practices from other carriers in the industry.

10. DRIVER FITNESS BASIC PROCESS BREAKDOWN: Roles and Responsibilities

DESCRIPTION OF PROCESS BREAKDOWN: During the review Mr. Spencer (Operations Manager) produced a DQ file that was dated 6/17/16. This file was prepared by Peasley Consultants. Mr. Spencer admitted during an interview on 6/27/16 that he did not have a DQ file prior to 6/17/16. William Spencer as Operations Manager and driver has the role and responsibility of ensuring compliance. Mr. Spencer has previous knowledge in this area because he was the LLC Member of Pro Se Excavations LLC (dot 1744405) (inactive) which had a safety audit in 2009 where Mr. Spencer was unable to produce a DQ file during the audit.

BASIC SPECIFIC RECOMMENDED REMEDIES: Mr. Spencer was advised that there are annual updates and that the file needs to be updated at least annually.

Implement Safety Improvement Practices: The following are recommended practices related to Roles and Responsibilities.
• Define and document the role of managers and supervisors for implementing driver-fitness policies and for

O9ITA9LS1AZAA

State Defs.' Ex. A 000031



| SPENCER BROS LLC<br>U.S. DOT #: 2901481 | Review Date:<br>07/27/2016 |
| --- | --- |

### Part B Requirements and/or Recommendations

monitoring compliance with them. This should include regular evaluation of the carrier's driver-wellness program.
• Define and document roles and responsibilities of managers and supervisors in providing training and maintaining qualifications for all employees according to driver-fitness regulations and company policies and procedures.
• Ensure that operations managers and dispatchers are responsible for having the proper amount of fit drivers by considering short-term changes, for example, with regard to vacations, variations in sales, and additional driver duties, and long-term changes, for example, with regard to permanent reassignment and termination of employees.
• Ensure that dispatchers and operation managers are responsible for ascertaining that drivers are qualified before authorizing runs.
• Define and document roles and responsibilities of drivers, dispatchers, and other personnel according to driver fitness regulations and company policies and procedures.

Seek Out Resources:
• You are encouraged to review your company's record at the following website: http://ai.fmcsa.dot.gov/SMS. You will need to use your PIN Number that has been provided by the FMCSA.
• Contact industry associations to get resources and ideas on safety improvement practices from other carriers in the industry.

11. HM COMPLIANCE BASIC PROCESS BREAKDOWN: Training and Communication

DESCRIPTION OF SAFETY MANAGEMENT AREA BREAKDOWN: During the review it was discovered that the carrier was transporting 275 gallon home heating oil tanks in his vehicle without evidence of the tanks being cleaned and purged. William Spencer the carrier Operations Manager and only driver did not meet any of the HM rules or regulations, for training, license endorsements, placarding, shipping papers and PHMSA registration. Mr. Spencer said he was not aware of the HM issues. He said that he did not think he was doing anything wrong.

BASIC SPECIFIC RECOMMENDED REMEDIES: Mr. Spencer hired Peasley Safety Consultants to assist him with compliance including HM compliance. According to Mr. Spencer, he will no longer transport complete and in tact tanks. He will cut them and clean them prior to transportation.

Implement Safety Improvement Practices: The following are recommended practices related to Communication and Training.
•Communicate expectations for adhering to all HAZMAT-handling regulations and company policies to drivers, dispatchers, managers, and other designated personnel. Provide new- hire and refresher awareness training for meeting those expectations with regard to testing and inspection of cargo tanks; loading and unloading; product handling, securement, marking, labeling, placarding, and reporting; and transportation registration, documentation (e.g. shipping papers), recordkeeping, security, and emergency response.
•Communicate the carrier's HM Compliance BASIC percentile to all staff and explain to them individually what they can do to help improve compliance.
•Ensure that dispatchers know how to confirm regulatory requirements with shippers and to verify authorized packages.
•Ensure that company officials and safety managers who ship explosives make drivers and dispatchers aware that operating or stopping in a restricted location is dangerous and illegal according to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and the Federal Motor Carrier Safety Administration (FMCSA).
•Develop an apprenticeship program to provide individualized training and certification for cargo-tank testing and inspection to new hires and transfers if there is a shortage of qualified inspectors.
•Ensure that all HAZMAT employees receive training on the development and implementation of a security plan.

Seek Out Resources:
•You are encouraged to review your company's record at the following website:
http://ai.fmcsa.dot.gov/SMS. You will need to use your PIN Number that has been provided by the FMCSA.
•Contact industry associations to get resources and ideas on safety improvement practices from other carriers in the industry.

State Defs.' Ex. A 000032

| | | |
|---|---|---|
| **SPENCER BROS LLC**<br>U.S. DOT #: 2901481 | | Review Date:<br>07/27/2016 |

### Part B Requirements and/or Recommendations

12. For all Investigations:

Understand Why Compliance Saves Time and Money: Compliance with FMCSRs will not only save lives, but also saves your business time and money. Tracking how much your business spends on non-compliance activities can help you understand the many benefits of compliance to your business and why safety is good business.

Apply Adequate Resources: Apply adequate resources to properly implement safety management practices. Consider reallocating responsibilities, additional staffing, contracting, or investing in technology to aid in this responsibility.

The Pre-Employment Screening Program (PSP) is a screening tool that assists motor carriers in investigating crash history and roadside safety performance of prospective drivers. The PSP allows motor carriers to purchase 5 years of crash data and 3 years of roadside inspection data from the Federal Motor Carrier Safety Administration's (FMCSA) Motor Carrier Management Information System (MCMIS). Records are available 24 hours a day via Web request. Motor carriers should visit the following website for more information:
http://www.psp.fmcsa.dot.gov/Pages/default.aspx

NOTICE: 49 CFR Part 391.23 requires prospective employers to, at a minimum, investigate a driver's employment information, crash record, and alcohol and controlled substances history from all employers the driver worked for within the previous 3 years.

Document and Follow Through on Action Plans: Document and follow through on action plans to ensure the actions you are taking are creating improvement in safety management and compliance.

NOTICE: A pattern and/or repeated violations of the same or related acute or critical regulations (violations of the same Part in Title 49, Code of Federal Regulations) will cause the maximum penalties allowed by law to be assessed under Section 222 of the Motor Carrier Safety Improvement Act of 1999 (MCSIA). A pattern of violations means two or more violations of acute and/or critical regulations in three or more Parts of Title 49, Code of Federal Regulations discovered during any eligible investigation. Repeated violations means violation(s) of an acute regulation of the same Part of Title 49, Code of Federal Regulations discovered in an investigation after one or more closed enforcement actions within a six year period and/or violation(s) of a critical regulation in the same Part of Title 49, Code of Federal Regulations discovered in an investigation after two or more closed enforcement actions within a six year period.

All motor carriers and truck drivers are needed to fight against terrorism and hijacking. You could be a target. Protect yourself, your trucks, your cargo, and your facilities. Discuss with your employees/drivers the "Security Measures for Truck Drivers and Companies" which were provided and reviewed with motor carrier official.

For all Investigations resulting in a Notice of Claim:

PLEASE NOTE: The violations discovered during this compliance review may affect the civil penalty proposed in any subsequent Notice of Claim. In addition, your history of prior violations of the Federal Motor Carrier Safety Regulations, Federal Hazardous Material Regulations or the Federal Motor Carrier Commercial Regulations may also affect the civil penalty proposed in any subsequent Notice of Claim. The receipt of this report acknowledges your understanding that the violations discovered by the FMCSA during this review  may be used to calculate any civil penalty proposed as a result of this review.

Attached to this report is Table 1, which identifies all the documented violations which were discovered during the course of this review.

For all Investigations resulting in serious violations:

Serious violations were recorded on this investigation report. These violations will impact your safety record. Furthermore, these violations may result in a follow-up investigation at a later date unless adequate evidence of corrective action is received in our office:

O9ITA9LS1AZAA

State Defs.' Ex. A 000033



**SPENCER BROS LLC**

U.S. DOT #: 2901481

Review Date:
07/27/2016

## Part B Requirements and/or Recommendations

Steven M. Piwowarski  Division Administrator
FMCSA, New Hampshire Division
JC Cleveland Federal Building
53 Pleasant Street, Suite 3300
Concord, NH 03301

For all Investigations resulting in a proposed conditional or unsatisfactory rating:
385.15
If you believe the proposed rating is in error and there are factual and procedural issues in dispute, Part 385.15 (copy provided) outlines procedures for petitioning the Federal Motor Carrier Safety Administration for an administrative review of these findings. Your petition should be addressed to:

Mr. Jack Van Steenburg, Chief Safety Officer
Federal Motor Carrier Safety Administration
1200 New Jersey Avenue, S.E.
Washington, DC 20590.

385.17
In addition, a request for a revised rating based on corrective actions may be made at any time. Part 385.17 (copy provided) outlines the procedures for such a request. The request must be made in writing, must describe the corrective action taken and must include other documentation that may be relied upon as a basis for the requested change. Address your written request to:

Taft Kelly, Field Administrator
FMCSA, Eastern Service Center
802 Cromwell Rd.
Glen Burnie, MD 21061

Ensure that a CC copy of the letter is mailed to:

Steven M. Piwowarski,  Division Administrator
FMCSA, New Hampshire Division
JC Cleveland Federal Building
53 Pleasant Street, Suite 3300
Concord NH 03301

For all Investigations resulting in a proposed unsatisfactory rating:
Passenger & Placardable HM Carriers:  This review will result in a Proposed Safety Rating. The findings indicate you are currently operating at an unsatisfactory level of safety compliance. A written notice of proposed unsatisfactory rating will be sent to you by the FMCSA via U.S. Mail. If you fail to obtain an improved rating within 45 days of the date that notice is sent, the unsatisfactory rating will become final and you must cease interstate operations.

Information on your compliance status, roadside inspections, regulatory changes, accident counter measures and hazardous material counter measures is available on the Internet at the Federal Motor Carrier Safety Administration's web site at http://www.fmcsa.dot.gov/ and http://www.safer.fmcsa.dot.gov/.

State Defs.' Ex. A 000034



**SPENCER BROS LLC**
U.S. DOT #: 2901481

Review Date:
07/27/2016

## TABLE OF VIOLATIONS

| Section # | Identifying Information | Violation Date |
|---|---|---|
| 172.600(c)(1) | DRIVER WILLIAM SPENCER | 3/15/2016 |
| 172.600(c)(1) | DRIVER WILLIAM SPENCER | 4/29/2016 |
| 177.800(c) | LABORER MIKE CERIELLO | 3/15/2016 |
| 177.800(c) | LABORER ED OTTO | 4/29/2016 |
| 177.817(a) | DRIVER WILLIAM SPENCER | 3/15/2016 |
| 177.817(a) | DRIVER WILLIAM SPENCER | 4/29/2016 |
| 382.115(a) | DRIVER WILLIAM SPENCER | 6/17/2016 |
| 383.37(a) | DRIVER WILLIAM SPENCER | 4/29/2016 |

State Defs.' Ex. A 000035



| SPENCER BROS LLC<br>U.S. DOT #: 2901481 | | Review Date:<br>07/27/2016 |
|---|---|---|
| | **Part C** | |

**Reason for Review:** Compliance Review
**Planned Action:** Prosecution          NH-2016-0030-US1395

**Parts Reviewed Certification:**

| 325 | 382 | 383 | 387 | 390 | 391 | 392 | 393 | 395 | 396 | 397 | 398 | 399 | 171 | 172 | 173 | 177 | 178 | 180 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | ✓ | ✓ | ✓ | | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | ✓ | ✓ | ✓ | ✓ | | |

**Prior Reviews**          **Prior Prosecutions**

**Unsat/Unfit Information**
**Is the motor carrier of passengers subject to the safety fitness
procedures contained in 49 CFR part 385 subpart A, AND does it
transport passengers in a commercial motor vehicle?**

**Does carrier transport placardable quantities of hazardous materials?** Yes - Interstate and Intrastate
**Unsat/Unfit rule:**          45-Day - Interstate Placardable HM

**Corporate Contact:** Griffin Spencer          **Special Study Information:**
**Corporate Contact Title:** LLC Member

**Remarks:**
INVESTIGATIVE REPORT RECEIVED BY:
Spencer Bros. LLC C/O Griffin or Brennan Spencer 116 Hounsell Ave Laconia, NH Via UPS
Attorney Michael Iacopino  85 Brook St Manchester, NH Via UPS
Spencer Bros. LLC
US DOT 2901481
July 27, 2016

REASON FOR INVESTIGATION:
Contact was made with Spencer Bros. LLC because of serious violations detected on a Roadside Inspection by the NH
State Police dated 4/29/16. The Driver/Vehicle Examination report (#NH1039002337) showed several serious Hazardous
Materials Violations as well as operating in Interstate Commerce without a U.S. DOT number.   A check of the FMCSA
data bases showed no previous contact or DOT registration with Spencer Bros. LLC. SA Doug Wood assisted by NH FPM
Chris Gray conducted a comprehensive investigation on this carrier.

SCOPE OF INVESTIGATION:
An onsite Comprehensive investigation was attempted at the PPB on June 13, 2016 with William Spencer Operations
Manager and Driver.  Mr. Spencer admitted during this meeting that there were transportation documents on the premises
such as a day planner book that he keeps his working hours in, a DQ file and Maintenance records in a file cabinet
located in the same room we were meeting in. Mr. Spencer denied our multiple requests to see these documents as a part
or our review of his transportation operation. Mr. Spencer was served with a Demand Letter and Subpoena ordering him
to produce required documents at the NH FMCSA office on June 27, 2016. Mr. Spencer did produce documents, but was
not forthcoming with answers to questions about his operation. This caused a lengthy investigation because customers
had to be interviewed in order to prove the nature of the carrier's operation. The investigation was concluded on July 27,
2016.

CARRIER OPERATION DESCRIPTION:
Spencer Bros. LLC is a Fuel Oil Tank installation and removal company. The removed oil tanks are scrapped at a metal
recycling facility. The carrier is classified as an HM Carrier and Shipper.  Spencer Bros. LLC is paid twice for each tank
once for removing it and again for the price of scrap. According to the NH Secretary of State the two LLC Members are
Griffin Spencer and Brendan Spencer. Griffin and Brendan are the sons of William Spencer. The PPB is located at 116
Hounsell Ave Unit #1 Laconia, NH. The PPB is located in a commercial building containing multiple other companies. The

State Defs.' Ex. A 000036

SPENCER BROS LLC

U.S. DOT #: 2901481

Review Date: 07/27/2016

## Part C

PPB consists of an office and a garage bay with parking for the cmv's. The carrier currently operates 3 cmv's consisting of 6 wheel dump truck with a gvwr of 33,400 pounds and 2 small box trucks with gvwr of 9,600 (however the VIN number shows a weight range of 10,001-14,000 lbs) and 12,300. The carrier has 2 trailers a large equipment trailer having a gvwr of 40,000 pounds and a utility trailer with a gvwr of 7,000 pounds. The carrier has construction equipment for the removal of underground tanks. As reported by William Spencer he is the only driver for the company and employs several part time helpers. Mr. Spencer reported that he works locally with little work in surrounding states however, evidence showed that he travels frequently to Massachusetts and has gone as far as the Brewer, Maine area (140 air miles).

William Spencer indicated that he has been in business for 30 years and started in the excavation business. He said that Spencer Bros. was started in 2012 and is a family run business. The information in a Safety Audit conducted with William Spencer in 2009 while he was in operation as Pro Se Excavators LLC (DOT 1744405) (inactive) in Part C of the Safety Audit Spencer Bros was listed as a sister company.

Mr. Spencer provided the gross revenue as 247,425.00 from Tax documents for fiscal year 2015. There was no evidence to suggest that the carrier is having any financial trouble.

During the 12 months prior to the start of the investigation there was no evidence to suggest that Spencer Bros. LLC participated in any emergency relief and did not operate under any temporary exemptions.

PRE-INVESTIGATION:
On June 13, 2016 Mr. William Spencer was served with a Demand Letter and Subpoena listing documentation to be reviewed. The Subpoena listed all transportation records, insurance records, payroll records, HM records, maintenance records, phone records, fuel and toll records, accident records and other records dealing with his day to day operations for a Comprehensive review. Spencer Bros. LLC was given 10 business days to produce the documents requested.
The requested documents which included all vehicle maintenance, hours of service, driver qualification, Controlled Substance and Alcohol testing, All Hazardous Materials documents and insurance documents.
Since at the time of the roadside inspection Spencer, Bros. LLC did not have a US DOT number. The NH State Police Driver/ Vehicle Examination report dated 4/29/16 (#NH1039002337) was added after Spencer Bros. LLC new US DOT 2901481 was obtained by the carrier. The carrier profile was obtained and reviewed prior to the start of the investigation. Additional information resources reviewed included Query Central looking for any recent inspections, and the New Hampshire Secretary of State website.

CDLIS (DRIVER LICENSE) CHECK:
CDLIS checks were conducted on William Spencer who is the only CDL driver who operated for Spencer Bros. LLC during the previous 365 days. William Spencer has a valid NH CDL -A with endorsements for Double/Triple, Tank and Passenger. He does not have a HM endorsement. This violation was noted on part B of this report.

AUTHORITY:
Spencer Bros. LLC Private Motor Carrier and does not require Authority.

INSURANCE:
Spencer Bros. LLC has the required 1 million of coverage in BIPD insurance in place and provided an MCS-90 from The Netherlands Insurance Company, policy number ▇▇▇▇▇▇

DRIVERS WITH RED FLAG VIOLATIONS:
There were no Red Flag drivers for this carrier. The 383.37(a) violation listed in this report does not meet the Red Flag criteria.

CONTROLLED SUBSTANCES AND ALCOHOL SUPPLEMENTAL REVIEW:
A Controlled Substances and Alcohol supplemental review was initiated. It was discovered that Spencer Bros. LLC did not have a Controlled Substance and Alcohol testing program in place until 6/20/16. The carrier was unable to produce and documentation or name a consortium to show any tests had been done. The carrier implemented a program and took a Pre-employment test with Lakes Region General Hospital on 6/20/16 after being advised to do so by consultant Wayne Peasley.

HAZARDOUS MATERIALS REVIEW:
As a result of the roadside inspection dated 4/29/16, A Hazardous Materials review was conducted on Spencer Bros. LLC. It was discovered that Spencer Bros. LLC was not in compliance with any of the required HM regulations they were subject to. It was discovered that William Spencer had transported on at least 2 occasions 275 gallon Heating Fuel Oil tanks primarily used to hold #2 fuel oil for oil fired heating systems. The oil tanks had not been cleaned and purged of residual oil. This puts them in the HM class 3, combustible liquid, packing group III. During the transportation of these Bulk

State Defs.' Ex. A 000037



| SPENCER BROS LLC<br>U.S. DOT #: 2901481 | Review Date:<br>07/27/2016 |
|---|---|

## Part C

tanks there were no shipping papers prepared, no placards of the vehicle. No employees handling the HM had any training. William Spencer did not have an HM endorsement on his license and the carrier was not registered with PHMSA. Mr. Spencer indicated that he had HM training about 10 years ago however, he could not produce any documentation for it. Mr. Spencer could not produce any evidence to show compliance in the HM regulations. When questioned about HM requirements, Mr. Spencer became difficult saying that he didn't need any of those things because oil is not a regulated commodity. When asked about Placards for the vehicle he indicated that he might have some placards around somewhere. When asked where they might be? Mr. Spencer replied they might be in my office. We asked to accompany Mr. Spencer into his office to look for them he said "no, you can't go in my office".

INVESTIGATION:
As indicated above Mr. William Spencer denied access to transportation documents on the day of our visit (6/13/16) He denied access to documents that were on the premises. As a result He was served a Demand Letter and Subpoena for the documents. On 6/27/16 Mr. Spencer appeared in the NH Division Office with the documents that he had. During this interview Mr. Spencer was not forthcoming with information and answers to questions.  Mr. William Spencer produced limited documentation because he did not have most of the documents requested. Some of the documents provided were produced by Consultant Wayne Peasley during the time period provided by the Subpoena (10 days) for Mr. Spencer to produce documents.

Hours of Service: Mr. Spencer produced copies of a Date Ledger Book that he claimed he recorded his working hours in. For the review ne failed to provide the actual book he provided copies of the pages. The copies showed either a name (Bill) or initial (B) for Mr. Spencer and the helper for the day along with a number next to the name or initial. Mr. Spencer said that the number was the numbers of hours worked that day. There was no start and stop time listed. There was also limited writing on the page which appeared to be what jobs were done that day however, some were illegible or were abbreviated.

Driver Qualification: Mr. Spencer produced 1 driver qualification file. He claims that he is the only driver for the company even though there are a total of 3 trucks in the fleet. The driver file was completed on 6/17/16 in conjunction with Consultant Wayne Peasley. Mr. Spencer acknowledged that he did not have a Driver file prior to 6/17/16.

Maintenance: Mr. Spencer produced some parts receipts, some repair orders for maintenance of the vehicles and some Maintenance Due shoeets that were from the FMCSA ETA packet. I confirmed with Mr. Spencer and Consultant Wayne Peasley that the Maintenance Due Sheets that came from the FMCSA ETA packet were given to Mr.Spencer by Wayne Peasley and filed out a few days prior to the meeting. Mr. Spencer Acknowledged he did  not have these documents prior to meeting with Mr. Peasley. The documents were not separated by vehicle they were in one pile. There were parts receipts that were discovered that had no vehicle associated with them and no corresponding work orders to show repairs were made. The repair orders from outside maintenance facilities did not contain all identifying information required. Mr. Spencer indicated that he uses local repair shops for repairs and PM services as well as inspections. However, the maintenance documents provided did not contain any proof of NH safety inspections.  The trucks were checked for NH inspection stickers during level 5 inspections conducted. There were 2 level 5 inspections conducted on 7/21/16 report #'s US1395000018, US1395000019. These inspections did not result in any out of service conditions one minor violation was discovered. These inspections were used in the OOS calculation of this report.  These inspections were conducted because of the lack of roadside data on the carrier in order to obtain a rating in that factor.

William Spencer Operations Manager/driver provided the fleet mileage which, appeared that he estimated.
There were no safety management practices in place for this carrier. Even though William Spencer has had previous Safety Audit, no policies or safety management procedures existed. In some circumstances the only reason there were not more critical violations (patterns) was because Mr. Spencer was the only driver and his maintenance program is done by local maintenance facilities.
William Spencer said that he would cut up and clean all tanks on site before he transported them. He insisted that he would not transport any more tanks that had not been cleaned. However, trps were discovered were tanks wer enot cut or cleaned. I also took  photos on the first trip to the PPB on 6/13/16 of 2 275 gallon Oil Tanks sitting on end outside of the garage bay at the PPB location. The tanks wwere not cut or cleaned.

The result of this review is and Unsatisfactory Safety Rating.
This investigation was made more difficult and took extended time because of the lack of cooperation of William Spencer. Future investigations with William Spencer should be conducted with 2 people present all times. On the first day of this review Mr. Spencer went on a rant about his life being threatened by Trooper Doran of the NH State Police during the roadside inspection. He talked about his civil rights being violated and how he made a complaint about Trooper Doran to

Capri 6.8.9.3

O9ITA9LS1AZAA

FMCSA-2016-0386

State Defs.' Ex. A 000038



| SPENCER BROS LLC<br>U.S. DOT #: 2901481 | Review Date:<br>07/27/2016 |
| --- | --- |

**Part C**

his Supervisors. This in conjunction with comments made by Mr. Spencer about government employees and how much money they make, When setting up the level 5 inspections he made comments about me "getting dirty I didn't think feds did that". Mr. Spencer's uncooperative behavior denying access to his records and then to his office forcing an interview in the parking lot and getting his attorney to restrict communications between investigators and Mr. Spencer. He showed a clear attempt to avoid any investigation.

FOLLOW-ON ACTION:
Enforcement is being taken on the Acute, Critical and HM Severe Level II violations discovered.
NH-2016-0030-US1395
172.600(c)(1), 177.800(c), 177.817(a), 382.115(a), 383.37(a)

DOCUMENTS PROVIDED TO CARRIER:
The carrier was provided with a copy of the CR, (2) Level 5 inspections conducted, FMCSA 385.15-385.17 documents, Safety Fitness rating and FMCSA corrective action handout for property carriers.
Since we were only in the carrier's office for a short time before the Demand/Subpoena was issued and we were refused entry on our return and the lack of cooperation from Mr. Spencer it is not known if they have any reference or regulatory manuals. Mr. Spencer retained the services of an Attorney who sent me and email containing a letter advising that he represents Mr. Spencer and Spencer Bros. LLC and further stated all further communication needs to go through his office. The closeout was not conducted with a carrier representative and the CR and associated documents were sent via UPS to Attorney Michael Iacopino, UPS Tracking number 1ZA4756A3595237426 and a copy of Spencer Bros. LLC at the PPB, UPS Tracking Number 1ZA4756A0297620435.

Medical Certification Confirmation:
| Driver | dob | Lic# | Medical Examiner | Lic# | State | Issued/Exp |
| --- | --- | --- | --- | --- | --- | --- |
| William Spencer | ▓▓▓▓ | | David Waldman | 534206231 | MA | 1/25/16-1/25/18 |

| Upload Authorized: | | Yes | | No | |
| --- | --- | --- | --- | --- | --- |
| Authorized by: | | | | Date: | |
| Uploaded: | | Yes | No | Failure Code: | |
| Verified by: | | | | Date: | |

O9ITA9LS1AZAA

**State Defs.' Ex. A 000039**

# EXHIBIT 2

**State Defs.' Ex. A 000040**



U.S. Department
of Transportation

Federal Motor Carrier
Safety Administration

Eastern Service Center

802 Cromwell Park Drive
Suite N
Glen Burnie, MD 21061

Phone: (443) 703-2240
Fax:    (443) 703-2253

**UPS**

August 24, 2016

Griffin Spencer, LLC Member
Spencer Bros LLC
116 Hounsell Ave
Unit 1
Laconia, NH 03247-7263

## NOTICE OF CLAIM[1] -- Violations of 49 CFR § 177.817(a); 382.115(a); 383.37(a).

**CIVIL PENALTY: $3,940**
**Case Number: NH-2016-0030-US1395**
**US DOT Number: 2901481**

Dear Mr. Spencer:

A compliance review was conducted at Spencer Bros LLC located in Laconia, New Hampshire on July 27, 2016. The purpose of this review was to determine your compliance with the Federal Motor Carrier Safety Regulations (FMCSR), the Federal Hazardous Materials Regulations (HMR), and the Federal Motor Carrier Commercial Regulations (FMCCR).

As a result of this review, violations were discovered. This letter constitutes a Notice of Claim by the United States Department of Transportation, Federal Motor Carrier Safety Administration (FMCSA) against Spencer Bros LLC for the amount of $3,940.

Unless settled or otherwise resolved in a manner set forth below, the FMCSA can recover these penalties, with interest and costs, in a civil action brought in a United States District Court. Additional collection efforts may include, but are not limited to: Internal Revenue Service offsets against tax refunds, and the referral to and the use of collection agencies to collect penalties. Also, under 49 Code of Federal Regulations (CFR) §§ 386.83 and 386.84, once a final order has been issued, the FMCSA may prohibit Spencer Bros LLC from operating in interstate commerce until the civil penalty is paid in full and, if applicable, your FMCSA registration will be suspended.

---

1)    A Notice of Claim is the official charging document used by the Federal Motor Carrier Safety Administration to initiate a civil action for violations of Federal Laws.

**State Defs.' Ex. A 000041**

Case Number: NH-2016-0030-US1395

# SUMMARY OF VIOLATIONS

Your company is charged with:

1.  One (1) violation of 49 CFR § 177.817(a)- Transporting a shipment of hazardous materials not accompanied by a properly prepared shipping paper.

2.  One (1) violation of 49 CFR § 382.115(a)- Failing to implement an alcohol and/or controlled substances testing program on the date the employer begins commercial motor vehicle operations.

3.  One (1) violation of 49 CFR § 383.37(a)- Allowing, requiring, permitting, or authorizing a driver to operate a CMV during any period in which the driver does not have a current CLP or CDL or does not have a CLP or CDL with the proper class or endorsements. An employer may not use a driver to operate a CMV who violates any restriction on the driver's CLP or CDL.

A copy of the documentary evidence collected during the investigation is available from this office. Upon request, the FMCSA will forward a copy of this evidence within a reasonable period of time. For additional details see the attached "Statement of Charges."

# NOTICE OF ABATEMENT

This letter also constitutes a Notice of Abatement of all violations. In order to ensure that these violations cease, your company must take the following actions:

1.  Do not transport a shipment of hazardous materials unless it is accompanied by a properly prepared shipping paper, including quantity, proper DOT shipping name, hazard class, identification number, packing group, additional description requirements if applicable, and a valid emergency response telephone number, in accordance with 49 CFR Part 172, Subpart C and 49 CFR Section 177.817. Ensure the properly prepared shipping paper is readily available to, and accessible by, authorities in accordance with 49 CFR Section 177.817.

2.  Ensure that you have an effective controlled substances and alcohol testing program in place which meets all standards and requirements for controlled substances and alcohol testing. Ensure that all persons involved in the controlled substances and alcohol testing programs are familiar with the procedures, standards, and recordkeeping requirements of the controlled substances and alcohol testing regulations in accordance with 49 CFR Parts 40 and 382.

3.  Do not allow, require, permit, or authorize a driver to operate a CMV in the United States during any period in which the driver does not have a current CLP or CDL or does not have a CLP or CDL with the proper class or endorsements. An employer may not use a driver to operate a CMV who violates any restriction on the driver's CLP or CDL.

Failure to Abate Cited Violations

Failure to abate the cited violations could cause penalties to be increased in future enforcement actions.

# PENALTY

State Defs.' Ex. A 000042

Case Number: NH-2016-0030-US1395

Penalty Factors for Violations of Safety and Hazardous Materials Regulations

In accordance with 49 USC §§ 521(b)(2)(D) and 5123(c), the FMCSA must, before proposing or claiming a civil penalty, take into consideration the nature, circumstances, extent, and gravity of the violation committed and with respect to the violator, the degree of culpability, history of prior offenses, ability to pay, effect on ability to continue to do business, and such other matters as justice and public safety may require. The civil penalty proposed shall be calculated to induce compliance. These factors will not be considered, however, for violations subject to the Section 222 provision described above.

Penalty Factors for Violations of Commercial Regulations

In the case of violations of the commercial regulations FMCSA also is not required by statute to consider the Section 521 factors. However, before proposing penalties for violations of the commercial regulations (more specifically the transportation of household goods), 49 U.S.C. § 14901 (c) requires FMCSA to take into consideration the degree of culpability, any prior history of such conduct, the degree of harm to shippers, ability to pay, the effect on ability to do business, whether the shipper has been adequately compensated before institution of the civil penalty proceeding, and such other matters as fairness may require.

Discovered Versus Charged Violations

Violations of either safety or hazardous materials regulations discovered during the course of the compliance review, but not proposed for penalty in this Notice of Claim, may have increased the civil penalty claimed for the violations charged in this Notice of Claim. The violations found in Table 1, as attached to this Notice of Claim, detail the violations discovered during our review/inspection.

History of Prior Violations

Your history of prior violations of the FMCSRs, HMRs and/or FMCCRs, where applicable, also may have increased the civil penalty beyond that which would have otherwise been proposed in this Notice of Claim.

Section 222 of the Motor Carrier Safety Improvement Act of 1999 (MCSIA)

A pattern of and/or repeated violations of the same or related acute or critical regulations will result in the maximum penalties allowed by law to be assessed under Section 222 of the Motor Carrier Safety Improvement Act of 1999 (MCSIA). A pattern of violations means two or more violations of acute and/or critical regulations in three or more Parts of Title 49, Code of Federal Regulations discovered during an investigation. Repeated violations means violation(s) of an acute regulation of the same Part of Title 49, Code of Federal Regulations discovered in an investigation after one or more closed enforcement actions within a six year period and/or violation(s) of a critical regulation in the same Part of Title 49, Code of Federal Regulations discovered in an investigation after two or more closed enforcement actions within a six year period. Any violations with a checkmark in the "§ 222 Applied" column in the penalty table below are subject to the "Section 222" provision and maximum penalties have been assessed pursuant to statute. See 49 USC § 521 note, 49 USC § 521(b), 49 USC § 5123, 49 USC Chapter 149, and 49 CFR Part 386, Appendix A.

A listing of the statutes governing maximum and minimum penalties for violations of specific

State Defs.' Ex. A 000043

Case Number:  NH-2016-0030-US1395

regulations is enclosed.

Given the statutorily mandated items listed above, the FMCSA is proposing a civil penalty as follows:

| VIOLATION | TYPE OF VIOLATION[2] | NUMBER OF COUNTS | ASSESSMENT PER COUNT | §222 APPLIED | TOTAL |
|---|---|---|---|---|---|
| 177.817(a) | HM | 1 | $1,140.00 | No | $1,140.00 |
| 382.115(a) | NR | 1 | $2,150.00 | No | $2,150.00 |
| 383.37(a) | CDL | 1 | $650.00 | No | $650.00 |

**Accordingly, the total amount (rounded) assessed by the Federal Government as the result of these violations is $3,940.**

## HOW TO REPLY TO THE NOTICE OF CLAIM

Under 49 CFR Part 386, "Rules of Practice for Motor Carrier, Broker, Freight Forwarder, and Hazardous Materials Proceedings," you have specific rights with respect to this Notice of Claim. You are advised to carefully read Part 386  and follow the course of action appropriate for you in this case.  A copy of Part 386 is attached to this Notice of Claim for your information.  You may wish to seek legal counsel for answers to any questions in reference to this Notice of Claim or procedures under Part 386.  DO NOT call the FMCSA Service Center or the Chief Counsel's office for advice or assistance in your defense.  You may pursue the following courses of action:

(1) PAYMENT OF PENALTY:  Within 30 days of service of this Notice of Claim:  (a) Pay the assessed penalty in full, or (b) Establish a monthly payment plan by contacting an Enforcement Specialist (NOTE:  A payment plan may be available for respondents who demonstrate financial difficulty), or (c) Contact an Enforcement Specialist outlining in writing compelling reasons why the assessed penalty should be reduced and discuss potential settlement.  You may be required to submit a current, certified balance sheet or other evidence of assets and liabilities.  An Enforcement Specialist can be reached at  443-703-2247.  If you pay the full penalty within thirty (30) days of service of this Notice of Claim, you do not need to file a written Reply to the Notice of Claim.

You may pay the fine electronically through our SAFER website at <http://safer.fmcsa.dot.gov> by selecting "Online Fine Payment."

Alternatively, you may pay by cashier's check, certified check, or money order made payable to the FMCSA and mailed to:
  United States Department of Transportation
  Federal Motor Carrier Safety Administration
  Eastern Service Center
  802 Cromwell Park Drive
  Suite N
  Glen Burnie, MD  21061
  Personal or company checks will not be accepted and will be returned.

2)    CDL=Commercial Driver's License; FR=Financial Responsibility; HM=Hazardous Materials (the total penalty assessed is per citation, not per number of counts); NO=Notice and Orders; NR=Nonrecordkeeping; R=Recordkeeping; COM=Commercial Regulations; E=Employee.

Page 4

State Defs.' Ex. A 000044

Case Number:  NH-2016-0030-US1395

**Payment of the penalty will constitute admission of the violation(s) set forth in the Notice Claim, including any violation(s) charged in the Notice of Claim for a zero dollar penalty, and these violations shall constitute prior offenses under either 49 USC § 521(b)(2)(D) (for violations of the Federal Motor Carrier Safety Regulations), 49 USC § 14901(c) (for violations of the Federal Motor Carrier Commercial Regulations involving transportation of household goods) or 49 USC § 5123(c) (for violations of the Hazardous Materials Regulations) unless you proceed under the provisions of 49 C.F.R. § 386.18(c).  These offenses may lead to higher penalties in future enforcement actions.**

(2)  REQUEST FOR ADMINISTRATIVE ADJUDICATION:  You may contest the claim and request Administrative adjudication; you may contest the claim and request administrative adjudication for any violation(s) charged in the Notice of Claim including any violation(s) charged for a zero dollar civil penalty.  If you choose this course of action, you must carefully follow the provisions within 49 CFR § 386.14, including filing a written Reply within thirty (30) days after service of this Notice of Claim.

Your Reply must be in writing, and clearly state the grounds for contesting the Notice of Claim, and must state any affirmative defenses you intend to assert.  You must separately admit or deny each violation alleged in this Notice of Claim, including any violation(s) charged for a zero dollar civil penalty.  Any allegations in the Notice of Claim not specifically denied in the Reply will be deemed admitted.  A general denial of the claim is insufficient and may result in a default being entered by the Assistant Administrator.  Your Reply must include a statement selecting one of the options for administrative adjudication available under 49 CFR § 386.14(d)(1)(iii).  Once you select an adjudication option, you are bound by that selection. Please be aware FMCSA has suspended the use of informal hearings for enforcement actions initiated after June 7, 2010, and that this option is currently not available.  (75 Fed. Reg. 32242 (June 7, 2010).

You must serve your reply on all persons listed in the Certificate of Service attached to this Notice of Claim and in accordance with the requirements of 49 CFR § 386.6.

(3) REQUEST FOR BINDING ARBITRATION:  If you dispute **only** the amount of the civil penalty and/or the length of time to pay, you can select to have the civil penalty amount adjudicated through FMCSA's binding arbitration program.  You should notify the FMCSA of your request in writing when you submit your Reply.  The Assistant Administrator will determine if your case is appropriate for binding arbitration.  You will be notified in writing of the Assistant Administrator's decision regarding your request. You may choose binding arbitration if the only issues that you dispute are the amount of the civil penalty and/or the length of time to pay.  FMCSA's guidance on the use of binding arbitration is available through the following link: <http://www.fmcsa.dot.gov/>.  You can also request a copy of the guidelines from the Service Center.

YOU MUST CERTIFY THAT YOUR REPLY HAS BEEN SERVED IN ACCORDANCE WITH THE REQUIREMENTS CONTAINED WITHIN 49 CFR § 386.6.

THE SPECIFIC RIGHTS PROVIDED FOR IN 49 CFR § 386.14 MAY BE WAIVED IF YOU FAIL TO SUBMIT A WRITTEN REPLY WITHIN THIRTY (30) DAYS AFTER THE SERVICE OF THIS NOTICE OF CLAIM.

FAILURE TO REPLY TO THE NOTICE OF CLAIM IN THE **EXACT** MANNER SPECIFIED IN 49 CFR § 386.14 MAY BE TREATED AS IF NO REPLY HAS BEEN FILED.  UNDER 49 CFR §

Page 5

State Defs.' Ex. A 000045

Case Number: NH-2016-0030-US1395

386.14(c), A FAILURE TO REPLY MAY CAUSE THE FMCSA TO ISSUE A NOTICE OF DEFAULT AND FINAL AGENCY ORDER THIRTY (30) DAYS AFTER THIS NOTICE OF CLAIM IS SERVED.  THE NOTICE OF DEFAULT AND FINAL AGENCY ORDER WILL DECLARE YOU TO BE IN DEFAULT AND DECLARE THE NOTICE OF CLAIM, INCLUDING THE CIVIL PENALTY PROPOSED IN THE NOTICE OF CLAIM, TO BE THE FINAL AGENCY ORDER IN THE PROCEEDINGS.  THE FINAL AGENCY ORDER WILL BECOME EFFECTIVE FIVE (5) DAYS AFTER THE NOTICE OF DEFAULT AND FINAL AGENCY ORDER IS SERVED.  THE DEFAULT WILL CONSTITUTE AN ADMISSION OF ALL FACTS ALLEGED IN THE NOTICE OF CLAIM AND A WAIVER OF YOUR OPPORTUNITY TO CONTEST THE CLAIM.

A GENERAL DENIAL DOES NOT MEET THE REQUIREMENTS OF 49 CFR § 386.14(d)(1).  UNLESS YOUR REPLY COMPLIES WITH THE REQUIREMENTS OF 49 CFR § 386.14(d)(1), THE ASSISTANT ADMINISTRATOR MAY ENTER A DEFAULT AGAINST YOU.

IF YOU DO NOT UNDERSTAND OR ARE CONFUSED ABOUT YOUR RIGHTS AND OBLIGATIONS AS OUTLINED WITHIN THIS NOTICE OF CLAIM, YOU MAY WISH TO SEEK LEGAL ADVICE.

Copies of the procedural regulations, applicable statutes and the Service List are enclosed.

<div style="margin-left:40%">Sincerely,</div>

<div style="margin-left:40%">Steven M.Piwowarski<br/>Division Administrator<br/>FMCSA</div>

Enclosures

State Defs.' Ex. A 000046

Case Number: NH-2016-0030-US1395

# APPLICABLE STATUTES

Violations of the provisions of the hazardous materials transportation statutes (49 U.S.C. 5101 et seq.) and the Hazardous Materials Regulations (HMRs)(49 C.F.R. Parts 171-180), issued pursuant to these statutes, not related to training, are subject to a civil penalty of not more than $75,000. 49 U.S.C. § 5123 (Oct. 1, 2012). If the violation results in death, serious illness, or severe injury to any person, or in substantial destruction of property, the civil penalty may be increased to not more than $175,000 for each offense. 49 U.S.C. § 5123 (Oct. 1, 2012). Each day the violation continues shall constitute a separate offense.

Section 521(b)(2)(A) of 49 USC provides that any person who is determined to have committed an act that is a violation of regulations issued under subchapter III of chapter 311 (49 USC §§ 31131 et seq.)(except sections 31138 and 31139) or 49 USC §§ 31301 and 31306, or section 31502 of 49 USC, shall be liable for a civil penalty in an amount not to exceed $11,000 for each offense. 49 C.F.R. 386, Appendix B, paragraph (a)(3). No civil penalty shall be assessed under this section against an employee for a violation in an amount exceeding $2,750 (49 USC § 521(b)(2)(A) and 49 C.F.R. Part 386, Appendix B, paragraph (a)(4).

Section 521(b)(2)(B)(ii) of 49 USC provides for a maximum civil penalty of $10,000 for anyone who knowingly falsifies, destroys, mutilates, or changes a required report or record, knowingly files a false report with the Secretary, knowingly makes or causes or permits to be made a false or incomplete entry in a record about an operation or business fact or transaction, or knowingly makes, prepares or preserves a record in violation of a regulation or order of the Secretary, if any such action can be shown to have misrepresented a fact that constitutes a violation other than a reporting or recordkeeping violation. 49 USC § 521(b)(2)(B)(ii).

Section 521(b)(2)(C) of 49 USC, provides for a maximum civil penalty of $3,750 for each violation of subparts B, C, E, F, G, or H of the commercial driver's license regulations. 49 USC § 521(b)(2)(C) and 49 C.F.R. Part 386, Appendix B, paragraph (b).

State Defs.' Ex. A 000047

# STATEMENT OF CHARGES

## Violation 1 --- 49 CFR 177.817(a) - Transporting a shipment of hazardous materials not accompanied by a properly prepared shipping paper.

### CHARGE #1:

On or about 04/29/2016, Spencer Bros LLC transported (4) 275 gallon Fuel Oil Tanks that were not cleaned and purged of Fuel Oil, a hazardous material, in commerce from Brewer, ME to Gilford, NH, without preparing a hazardous materials shipping paper for the product onboard.

## Violation 2 --- 49 CFR 382.115(a) - Failing to implement an alcohol and/or controlled substances testing program on the date the employer begins commercial motor vehicle operations.

### CHARGE #1:

On or about 06/17/2016, Spencer Bros LLC used driver, William Spencer, to drive a commercial motor vehicle, being a 2006 Peterbilt Dump Truck displaying NH Commercial Registration OILTNK, said vehicle having a gvwr of 33,400 pounds pulling a 2002 Eager Beaver trailer NH Trailer registration OILTNK, said trailer having a gvwr of 40,000 pounds, in commerce from Laconia, NH to Concord, NH. At the time of this transportation, Spencer Bros LLC had not yet implemented an alcohol and/or controlled substances testing program.

## Violation 3 --- 49 CFR 383.37(a) - Allowing, requiring, permitting, or authorizing a driver to operate a CMV during any period in which the driver does not have a current CLP or CDL or does not have a CLP or CDL with the proper class or endorsements. An employer may not use a driver to operate a CMV who violates any restriction on the driver's CLP or CDL.

### CHARGE #1:

On or about 04/29/2016, Spencer Bros LLC knowingly allowed, required, permitted, or authorized its driver, William Spencer, to operate a commercial motor vehicle transporting Bulk Packages (275 gallon Oil Tanks) that had not been cleaned and purged of fuel oil in commerce from Brewer, ME to Gilford, NH, when that driver's commercial motor vehicle driver's license did not have the required Hazardous Material endorsement to operate this vehicle.

State Defs.' Ex. A 000048

# SERVICE LIST

This is to certify that on August 24, 2016, the undersigned sent, by the method indicated, the designated number of copies of the Notice of Claim to each of the parties listed below.

Each party listed below must receive the designated number of copies of each filing made in this proceeding in the future.

Griffin Spencer, LLC Member                              Original
Spencer Bros LLC                                         UPS
116 Hounsell Ave
Unit 1
Laconia, NH  03247-7263


Steven M. Piwowarski, Division Administrator             One Copy
U.S. Department of Transportation                        Personal Delivery
Federal Motor Carrier Safety Administration
53 Pleasant Street
Suite 3300
Concord, NH 03301


U.S. Department of Transportation                        One Copy
Federal Motor Carrier Safety Administration              U.S. Mail or Electronic Mail
FMCSA Docket Clerk
Eastern Service Center
802 Cromwell Park Drive
Suite N
Glen Burnie, MD  21061

State Defs.' Ex. A 000049

# EXHIBIT 3

State Defs.' Ex. A 000050

UNITED STATES DEPARTMENT OF TRANSPORTATION
FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION

Case No. NH-2016-0030-US1395
US DOT No. 2901481

**REPLY TO NOTICE OF CLAIM**

NOW COMES the Respondent, Spencer Bros, LLC, by and through its attorneys,

Michael J. Iacopino and Brennan, Lenehan, Iacopino & Hickey states as follows in response to

the Notice of Claim:

1.    The Respondent denies that it violated 49 C.F.R. § 177.817(a). The Respondent

admits that, on April 29, 2016, its employee, William Spencer, transported one 275 gallon fuel

oil tank from Brewer, Maine to New Hampshire without preparing a hazardous material shipping

paper. The Respondent denies the remainder of the allegations contained in the Statement of

Charges (Violation 1 – 49 C.F.R. § 177.817(a) – CHARGE #1). In further response it is stated

that, on April 29, 2019, Mr. Spencer transported one empty fuel tank and three empty tanks.  The

empty fuel tank transported by the Respondent had been cleaned and purged of all fuel oil before

transport.  On April 29, 2016, the Respondent's employee, William Spencer, cleaned and purged

the oil tank before transportation.

2.    The Respondent admits the allegations contained in the Statement of Charges

(Violation 2 - 49 C.F.R. § 382.115(a) – CHARGE #1).

3.    The Respondent denies that it violated 49 C.F.R. § 383.37(a). The Respondent

admits that, on April 29, 2016, it authorized driver, William Spencer, to operate a motor vehicle

transporting bulk packages from Brewer, Maine to New Hampshire. The Respondent admits that,

at the time, Mr. Spencer's commercial motor vehicle driver's license did not have a hazardous

material endorsement. The Respondent denies the remainder of the allegations contained in the

1

State Defs.' Ex. A 000051

Statement of Charges (Violation 3 – 49 C.F.R. § 383.37(a) – CHARGE #1). In further response

it is stated that, on April 29, 2016, the tanks transported by Mr. Spencer did not contain

hazardous materials. Three tanks were empty. The only fuel oil tank transported by Mr. Spencer

was previously cleaned and purged and Mr. Spencer's commercial motor vehicle driver's license

did not require hazardous material endorsement for this type of transportation.

WHEREFORE, the Respondent requests the following:

A)    Administrative adjudication of the Notice of Claim in the form of a formal

hearing; and

B)    For such other and further relief as may be just and proper.

Date: September _i_, 2016

Respectfully submitted,

Michael J. Iacopino, Esq. (NH 1233)
85 Brook Street
Manchester, NH 03104
(603) 668-8300

William Spencer, Operations Manager
Spencer Bros, LLC.
duly authorized

STATE OF NEW HAMPSHIRE
COUNTY OF _Hillsborough_

Dated: _9-1-2016_

PERSONALLY APPEARED the above named, William Spencer, Duly Authorized
Representative of Spencer Bros, LLC, known to me or satisfactorily proven to be the person
whose name is subscribed to the foregoing instrument and made oath that the foregoing
statements made by her are true and accurate to the best of her knowledge and belief.

Before me,

Notary Public/Justice of the Peace

**FRANCE DOLBEC**
Justice of the Peace - New Hampshire
My Commission Expires April 23, 2019

2

State Defs.' Ex. A 000052

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Reply to Notice of Claim has been forwarded, by the method indicated below to the parties listed below, on September 9, 2016.

Steven M. Piwowarski, Division Administrator     One Copy
U.S. Department of Transportation               Personal Delivery
Federal Motor Carrier Safety Administration
53 Pleasant Street
Suite 3300
Concord, NH 03301

U.S. Department of Transportation               One Copy
Federal Motor Carrier Safety Administration     U.S. Mail
FMCSA Docket Clerk
Eastern Service Center
802 Cromwell Park Drive
Suite N
Glen Burnie, MD 21061

_____
Michael J. Iacopino, Esq.

3

State Defs.' Ex. A 000053



# BRENNAN LENEHAN
IACOPINO & HICKEY

8C2 Brook Street | Manchester, NH 03104

RECEIVED
SEP 12 2016
BY:----------

CERTIFIED MAIL

7014 2120 0003 5884 0814

U.S. Department of Transportation
Federal Motor Carrier Safety Administration
FMCSA Docket Clerk
Eastern Service Center
802 Cromwell Park Drive, Suite N
Glen Burnie, MD 21061

21061-255305

UNITED STATES POSTAGE
PITNEY BOWES
02-1P         $ 006.675
000085G338     SEP 09 2016
MAILED FROM ZIP CODE 03104

State Defs.' Ex. A 000054

# EXHIBIT 4

**State Defs.' Ex. A 000055**



AT·A·GLANCE®

State Defs.' Ex. A 000056

# 28917

## SPENCER BROS.

**INVOICE** 042916

P.O. Box 7623
Gilford, New Hampshire 03247
**800-300-0550**

Date: 4-29-16

To: _George Knapp_
_79c Meadow Ct._
_Littleton NH_

TERMS:

| | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| | 4 vet Tanks p/u | 165.— | 660 — |
| | Gilwer NE | | |
| | yard | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | Total Due: | 660 00 |

**THANK YOU**

State Defs.' Ex. A 000057

# EXHIBIT 5

State Defs.' Ex. A 000058

# DRIVER/VEHICLE EXAMINATION REPORT

Query Central 3.4

| | |
|---|---|
| **New Hampshire State Police-Troop G**<br>**Motor Carrier Enforcement Unit**<br>**33 Hazen Drive**<br>**Concord, NH 03305**<br>**Phone: (603)223-8778  Fax: (603)271-1760** | **Report Number:** NH1039002337<br>**Inspection Date:** 04/29/2016<br>**Start:** 2:25 PM ET    **End:** 04:20 PM ET<br>**Inspection Level:** I - Full<br>**HM Inspection Type:** Bulk |

| | |
|---|---|
| SPENCER BROS LLC<br>116 HOUNSELL AVE #1<br>LACONIA, NH  03246<br>USDOT#:              Phone#:<br>MC/MX#:              Fax#:<br>State#: | **Driver:** SPENCER, WILLIAM J<br>License#:                              **State:** NH<br>Date of B<br>CoDriver:<br>License#:                              **State:**<br>Date of Birth: |

**Location:** ROCHESTER          **MilePost:**          **Shipper:**
**Highway:** CHESTNUT HILL ROAD EXT     **Origin:** LEBANON, ME     **Bill of Lading:**
**County:** STRAFFORD, NH          **Destination:** GILFORD, NH     **Cargo:** OIL TANKS

## VEHICLE IDENTIFICATION

| Unit | Type | Make | Year | State | Plate # | Equipment ID | VIN | GVWR | CVSA # | New CVSA # | OOS# |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | TR | CHEV | 2004 | NH | OILTNK1 | | 1GBJG31U841166063 | 10,001 | | | 012229 |

## BRAKE ADJUSTMENTS

| Axle # | 1 | 2 |
|---|---|---|
| Right | N/A | N/A |
| Left | N/A | N/A |
| Chamber | HYDR | HYDR |

## VIOLATIONS

| Vio Code | Section | Unit | OOS | Citation # | Verify | Crash | Violations Discovered |
|---|---|---|---|---|---|---|---|
| 107.601 | 107.601 | 1 | N | | N | N | Failing to register with PHMSA prior to transporting hazardous materials requiring HM registration. |
| 172.506A1 | 172.506(a)(1) | 1 | N | | N | N | Placards not affixed to vehicle |
| 391.11B5-DEN | 391.11(b)(5) | D | Y | | N | N | Driver operating a CMV without proper endorsements or in violation of restrictions.: HAZ MAT ENDORSEMENT REQUIRED. |
| 392.2FC | 392.2 | D | N | DS204896 | N | N | Following too close |
| 390.21B | 390.21(b) | 1 | N | | N | N | Carrier name and/or USDOT Number not displayed as required |
| 385.301A | 385.301(a) | 1 | N | | N | N | Failing to register with FMCSA to obtain a USDOT number |
| 177.817A | 177.817(a) | 1 | Y | | U | N | No shipping papers (carrier) |
| 177.834A | 177.834(a) | 1 | Y | | U | N | Package not secure in vehicle: 4 200+ GAL TANKS RESTING ON END, 1 TANK CUT IN HALF AND WATER TANK ON FLOOR ALL UNSECURED. |
| 392.2UCR | 392.2 | 1 | N | | N | N | Failure to pay UCR Fee |
| 393.95A | 393.95(a) | 1 | N | | N | N | No/discharged/unsecured fire extinguisher: NOT EQUIPPED. |
| 393.9 | 393.9(a) | 1 | N | | N | N | Inoperable Required Lamp: REVERSE LIGHT INOP. |

**HazMat:** 3 Combustible Liquid                    **Placard:** No    **Cargo Tank:** OTH

**Special Checks:** Traffic Enforcement;

| | | | |
|---|---|---|---|
| **Report Prepared By:**<br>TFC MICHAEL J DORAN | **Badge #:**<br>001039 | **Copy Received By:**<br>WILLIAM SPENCER | Page 1 of 3 |

X_____          X_____



NH  NH1039002337

State Defs.' Ex. A 000059

# DRIVER/VEHICLE EXAMINATION REPORT

Query Central 3.4

**New Hampshire State Police-Troop G**
**Motor Carrier Enforcement Unit**
**33 Hazen Drive**
**Concord, NH 03305**
**Phone: (603)223-8778   Fax: (603)271-1760**

**Report Number:** NH1039002337
**Inspection Date:** 04/29/2016
**Start:** 2:25 PM  ET      **End:** 04:20 PM ET
**Inspection Level:** I - Full
**HM Inspection Type:** Bulk

| | | |
|---|---|---|
| SPENCER BROS LLC | **Driver:** SPENCER, WILLIAM J | |
| 116 HOUNSELL AVE #1 | **License#:** ▇▇▇▇▇ | **State: NH** |
| LACONIA, NH 03246 | **Date of B**▇▇▇▇ | |
| **USDOT#:**          **Phone#:** | **CoDriver:** | |
| **MC/MX#:**          **Fax#:** | **License#:** | **State:** |
| **State#:** | **Date of Birth:** | |

Pursuant to New Hampshire Statutes, I hereby declare WILLIAM SPENCER "OUT OF SERVICE." No person shall permit or require this driver to operate a commercial motor vehicle until: Driver has Proper CDL Endorsement

PENALTIES FOR VIOLATION OF AN OUT OF SERVICE ORDER: Any driver who violates these provisions or any person who knowingly requires or permits a driver to violate an Out-of-Service order shall be guilty of a Criminal Offense and subject to arrest. Penalties include criminal fines up to $1,200 for a first offense if a natural person, loss of commercial driver license privileges as well as civil penalties up to $11,000. Enhanced penalties exist for subsequent offenses and for those drivers of vehicles transporting hazardous materials or vehicles designed to transport 15 or more passengers (including the driver).

Pursuant to N.H. Statutes, I hereby declare and mark the following vehicle(s) "OUT-OF-SERVICE." No person shall remove the herein-number sticker(s) or operate such vehicle(s) THAT HAVE BEEN MARKED WITH A "Y" IN THE OOS COLUMN IN THE VIOLATION(S) DISCOVERED SECTIONS OF THIS REPORT, until necessary repairs have been made and the vehicle(s) is/are restored to safe operating condition.

PENALTIES FOR VIOLATION OF AN OUT OF SERVICE ORDER: Any driver who violates these provisions or any person who knowingly requires or permits a driver to violate an Out-of-Service order shall be guilty of a Criminal Offense and subject to arrest. Penalties include criminal fines up to $1,200 for a first offense if a natural person, loss of commercial driver license privileges as well as civil penalties up to $11,000. Enhanced penalties exist for subsequent offenses and for those drivers of vehicles transporting hazardous materials or vehicles designed to transport 15 or more passengers (including the driver).

I/We certify that all OOS violations noted on this report have been corrected and action has been taken to ensure compliance with the applicable safety regulations. (False certifications of the required repairs may be prosecuted with penalties up to $10,000.)

Signature Of Repairer X:_____     Facility:_____     Date:_____

I/We certify that all violations noted on this report have been corrected and action has been taken to ensure compliance with the applicable safety regulations. All violations listed MUST be corrected before this vehicle is re-dispatched. The Motor Carrier MUST complete certification and return sheet within 15 days to: NH State Police-Troop G 33 Hazen Drive, Concord, NH 03305

NOTE: Any driver or motor carrier that seeks to challenge the above inspection or the validity of a violation must submit the request through the Data Q process at: https://dataqs.fmcsa.dot.gov.

It is recommended that any supporting documents that will assist the reviewer be attached to your Data Q challenge.

Signature Of Motor Carrier X:_____     Title:_____     Date:

| | | | |
|---|---|---|---|
| <u>Report Prepared By:</u>  TFC MICHAEL J DORAN | <u>Badge #:</u>  001039 | <u>Copy Received By:</u>  WILLIAM SPENCER | Page 2 of 3      NH   NH1039002337 |
| X_____ | | X_____ | |

State Defs.' Ex. A 000060

# DRIVER/VEHICLE EXAMINATION REPORT

Query Central 3.4

**New Hampshire State Police-Troop G**
**Motor Carrier Enforcement Unit**
**33 Hazen Drive**
**Concord, NH 03305**
**Phone: (603)223-8778   Fax: (603)271-1760**

**Report Number: NH1039002337**
**Inspection Date: 04/29/2016**
**Start: 2:25 PM  ET    End: 04:20 PM ET**
**Inspection Level:  I – Full**
**HM Inspection Type: Bulk**

SPENCER BROS LLC
116 HOUNSELL AVE #1
LACONIA, NH 03246
**USDOT#:**                    **Phone#:**
**MC/MX#:**                    **Fax#:**
  **State#:**

**Driver: SPENCER, WILLIAM J**
**License#:**                                           **State: NH**
**Date of Bi**
**CoDriver:**
**License#:**                                           **State:**
**Date of Birth:**

## Inspection Notes

Stopped CMV for tailgating elderly female for 1 plus mile and no marking on the cmv.
Operator held a valid CDL-A license with endorsement for Tank/Passenger. CMV registered under 10K. Alleged trying to get woman attention to stop. Less than car length behind vehicle the entire time I was observing him. Stated coming from Lebanon, ME after picking up several old oil tanks. Asked to open back of truck. Four oil tanks resting on end unsecured. A fifth tank was cut up and unsecure along with a water tank. Strong odor of fuel oil coming from inside truck when back opened, driver admitted being paid for tanks and non were purged/cleaned. VIN chek indicated cmv gvwr 10001-14K. When driver and brother(passenger/partner) were told in violation quickly changed story. Driver advised both he and the cmv were out of service for numerous violations. Asked what barracks out of and then walked away calling Trp Bosch. Trp Bosch called me and stated the driver was a tenant of hers and would not stop calling her. I approached him and warned him THE GAMES were over. Up to and when the tow truck arrived, he was trying to wheel and deal. Both he and his partner were advised of the violations and how to correct them.

On 05/13/16, I met with Rob Follansbee of Extreme Auto Car in Belmont. He admitted signing off he corrected the Out of Service Violations. When asked what he knew about Haz Mat, he stated nothing. He stated he replaced a light bulb and sign the form for the Spencers. He admitted they are good friends. Mr. Folnsbee was warned for Unsworn Falsification and advised NOT to sign off on any CMV inspection reports in the future.

**Special Studies** No Special Study Data Recorded

**Report Prepared By:**
TFC MICHAEL J DORAN

**Badge #:**
001039

**Copy Received By:**
WILLIAM SPENCER

Page 3 of 3



X_____                    X_____                    NH   NH1039002337

State Defs.' Ex. A 000061

# EXHIBIT 6

State Defs.' Ex. A 000062

# UNIFORM FINE ASSESSMENT

**Subject Information**

Name:                          SPENCER BROS LLC

USDOT #:                       2901481
Case #:                        NH-2016-0030-US1395
Gross Revenue:                 $247,425
Review/Activity:               Investigation
Review/Inspection Date:        7/27/2016

**Total Penalty Proposed:** $3,940

For a detailed explanation of the calculations that appear on this report, visit our web site at
www.fmcsa.dot.gov/penaltyassessments.

Notes:  Spencer Bros. LLC hired Safety Consultant Wayne Peasley to take corrective action to their operation prior to the
issuance of the NOC.

---

## Violations Charged

## FMCSR Violations

| | | |
|---|---|---|
| **Primary #:**  382.115(a) | Penalty per Charge: | $2,150 |
| **Nature of Violation:**  Non-Recordkeeping-FMCSR | Number Charged: | 1 |
| | Total penalty for this violation: | $2,150 |

**Description:** Failing to implement an alcohol and/or controlled substances testing program on the date the employer begins
commercial motor vehicle operations.

Circumstances:            None
Gravity:                  Did not contribute to crash and/or HM incident - High
Extent:                   High

| | | |
|---|---|---|
| **Primary #:**  383.37(a) | Penalty per Charge: | $650 |
| **Nature of Violation:**  Commercial Driver's License-FMCSR | Number Charged: | 1 |
| | Total penalty for this violation: | $650 |

**Description:** Allowing, requiring, permitting, or authorizing a driver to operate a CMV during any period in which the driver
does not have a current CLP or CDL or does not have a CLP or CDL with the proper class or endorsements. An
employer may not use a driver to operate a CMV who violates any restriction on the driver's CLP or CDL.

Circumstances:            None
Gravity:                  Did not contribute to crash and/or HM incident - High
Extent:                   High

---

State Defs.' Ex. A 000063

NH-2016-0030-US1395

# Violations Charged

## FMCSR Violations

## HM Violations

| | |
|---|---|
| **Primary #:** 177.817(a) | Penalty per Charge: $1,140 |
| **Nature of Violation: Communication-HM** | Number Charged: 1 |
| | Total penalty for this violation: $1,140 |

**Description:** Transporting a shipment of hazardous materials not accompanied by a properly prepared shipping paper.

| | |
|---|---|
| Circumstances: | None |
| Gravity: | Did not contribute to crash and/or HM incident - Medium |
| Extent: | High |

State Defs.' Ex. A 000064

NH-2016-0030-US1395

## SUBJECT CALCULATIONS

* Reference Subject Criteria section for all available selections and points associated.

| Subject Criteria | | Points |
|---|---|---|
| History | No enforcement history | 0 |
| Culpability | Should have known of any discovered violation(s) | 0 |
| Other Matters | Corrective action after Investigation but before NOC | -10 |
| | Subject Factor = | -10% |

Gross Revenue Cap =    $3,959

Total Reducible Amount =    $15,269

Total Reduction Amount =    $11,310

Total Penalty Proposed =    $3,940

---

State Defs.' Ex. A 000065

NH-2016-0030-US1395

**VIOLATION CALCULATIONS**
\* Reference Violations Criteria section for all available selections and points associated.

### 382.115(a)

| Violation Criteria | | Points |
|---|---|---|
| Circumstances | None | 0 |
| Gravity | Did not contribute to crash and/or HM incident - High | 50 |
| Extent | High (1 Discovered out of 1 Checked = 100%) | 20 |
| | Violation Factor = | 70% |

| Range Max | Range Min | Violation Factor | Calculated Fine | Min Fine | Reduced Fine |
|---|---|---|---|---|---|
| 16000 | 1100 | 70% | 8301 | 0 | $2,150 |

Calculated Fine

Penalty Range = 16000 - 1100 = 14900

Violation factor = 14900 x 70% = 10430

Add range minimum = 10430 + 1100 = 11530

Subject factor = 11530 x (1 + -10%) = 10377

Small business factor = 10377 x 80% = 8301

Reduced Fine = 8301 - [(8301 - 0) x 11310 / 15269] = 2152

Rounded Fine = 2150

The proposed penalty has been reduced proportionately based on a consideration of your ability to continue to do business and the applicable statutory and/or administrative minimum and statutory maximum civil penalties.

### 383.37(a)

| Violation Criteria | | Points |
|---|---|---|
| Circumstances | None | 0 |
| Gravity | Did not contribute to crash and/or HM incident - High | 50 |
| Extent | High (1 Discovered out of 1 Checked = 100%) | 20 |
| | Violation Factor = | 70% |

| Range Max | Range Min | Violation Factor | Calculated Fine | Min Fine | Reduced Fine |
|---|---|---|---|---|---|
| 4750 | 682 | 70% | 2540 | 0 | $650 |

---

State Defs.' Ex. A 000066

NH-2016-0030-US1395

**VIOLATION CALCULATIONS**

\* Reference Violations Criteria section for all available selections and points associated.

Calculated Fine

Penalty Range = 4750 – 682 = 4068

Violation factor = 4068 x 70% = 2847

Add range minimum = 2847 + 682 = 3529

Subject factor = 3529 x (1 + -10%) = 3176

Small business factor = 3176 x 80% = 2540

Reduced Fine = 2540 - [(2540 - 0) x 11310 / 15269] = 658

Rounded Fine = 650

The proposed penalty has been reduced proportionately based on a consideration of your ability to continue to do business and the applicable statutory and/or administrative minimum and statutory maximum civil penalties.

**177.817(a)**

| Violation Criteria | | Points |
|---|---|---|
| Circumstances | None | 0 |
| Gravity | Did not contribute to crash and/or HM incident - Medium | 25 |
| Extent | High (2 Discovered out of 2 Checked = 100%) | 20 |
| | Violation Factor = | 45% |

| Range Max | Range Min | Violation Factor | Calculated Fine | Min Fine | Statutory Max | Reduced Fine |
|---|---|---|---|---|---|---|
| 10000 | 3000 | 45% | 4428 | 0 | 10000 | $1,140 |

---

Federal Motor Carrier Safety Administration        5 of 7        Version 4.0.3        Printed  8/23/2016

State Defs.' Ex. A 000067

# CRITERIA TABLES
## SUBJECT CRITERIA AND POINTS

### History Points

0 No enforcement history

20 Penalized for violation(s) in any other part(s)

35 Penalized for violation(s) in the same part(s)

50 Penalized for two or more prior cases OR prior case for violation of an order

### Culpability Points

0 Should have known of any discovered violation(s)

10 Knew of any discovered violation(s)

25 Intentional for any discovered violation(s)

### Other Matters Points

0 No corrective action

-20 Corrective action before Investigation

-10 Corrective action after Investigation but before NOC

## VIOLATION CRITERIA AND POINTS

### Gravity Points

10 Did not contribute to crash and/or HM incident - Low

25 Did not contribute to crash and/or HM incident - Medium

50 Did not contribute to crash and/or HM incident - High

70 Contributed to crash and/or HM incident

### Circumstances Points

0 None

-10 Mitigating

10 Aggravating

### Extent Points

20 High (# violations discovered / # records checked >= 10%)

---

State Defs.' Ex. A 000068

NH-2016-0030-US1395

10 Low (# violations discovered / # records checked < 10% OR if Single Incident or Individual case and 1 of 1)

---

State Defs.' Ex. A 000069

# EXHIBIT 7

**State Defs.' Ex. A 000070**

**CDLIS.DOT.GOV**                        **Page 1 of 2**                    06/13/2016 06:26 AM

**History Search Results for WILLIAM SPENCER**

/NH/09SRW58121                                                  20160613062552405BCD7B7WS

## Driver General Information

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| WILLIAM | J | SPENCER | |

| SSN | Birth Date | Height | Weight | Eye Color | Sex |
|---|---|---|---|---|---|
| XXXXXXXXX | ▉ | 510 | 250 | BLUE | M |

## Residence

| Street | City | County | State Zip | Country |
|---|---|---|---|---|
| ▉ | ▉ | | ▉ | |

## Mailing Address

| Street | City | County | State Zip | Country |
|---|---|---|---|---|
| ▉ | ▉ | | ▉ | |

## Alias 1

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| WILLIAM | | SPENCER | |

| SSN | Birth Date | State | Driver License |
|---|---|---|---|
| | ▉ | MA | ▉ |

## Alias 2

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| SSN | Birth Date | State | Driver License |
|---|---|---|---|
| | | MA | ▉ |

## Driver License Details

| Jurisdiction | Driver License | Issue Date | Exp. Date | Commercial Class |
|---|---|---|---|---|
| NH | ▉ | 2011-05-13 | 2016-09-12 | A |

| Non Commercial Class | Commercial Status | Non Commercial Status | Withdrawal Action Pending |
|---|---|---|---|
| C | Licensed | Licensed | No |

## Endorsements

Value
Doubles/Triples
Tank
Passenger

Disclaimer:**This document contains sensitive information and is for official use only. Improper handling of this information could negatively affect individuals. Handle and secure this information according to Federal Motor Carrier Safety Administration privacy and security guidelines. Properly dispose of this document according to agency policy when this document is no longer needed.**

State Defs.' Ex. A 000071

**History Search Results for WILLIAM SPENCER**

**/NH/09SRW58121**                                                 20160613062552405BCD7B7WS

## Medical Certification

| Issue Date | Expiration Date | SPE Issue | SPE Expiration | Med WE Issue | Med WE Expire Date |
|---|---|---|---|---|---|
| 2016-01-25 | 2018-01-25 | | | | |

| Status Code | Self Certification |
|---|---|
| Certified | Non-excepted Interstate |

## Medical Certificate Restrictions

Value
Corrective Lenses

## Medical Examiner Detail

| First Name | Middle Name | Last Name | Registry Number |
|---|---|---|---|
| DAVID | | WALDMAN | |

| Medical # | Specialty | State | Phone |
|---|---|---|---|
| 2469 | Chiropractor | MA | 7819445400 |

| Convictions # | Accidents # | Withdrawals # | Permits # | License Restrictions # |
|---|---|---|---|---|
| 1 | 0 | 0 | 0 | 00 |

## Conviction 1

| Citation Date | Conviction Date | Conviction ID | State of Conviction | Court Type | ACD Code |
|---|---|---|---|---|---|
| 2012-06-13 | 2012-08-03 | 01 | NH | District | S16 - 16-20 > REGULATED OR POSTED SPEED LIMIT (DETAIL OPTIONAL) |

| ACD Detail | CDL Holder | CMV | Hazmat | Locator Reference | State Code |
|---|---|---|---|---|---|
| | No | No | No | V56120661091 | SP16 |

**Disclaimer:**This document contains sensitive information and is for official use only. Improper handling of this information could negatively affect individuals. Handle and secure this information according to Federal Motor Carrier Safety Administration privacy and security guidelines. Properly dispose of this document according to agency policy when this document is no longer needed.**

State Defs.' Ex. A 000072

RETAIN FOR TAX PURPOSES

**State of New Hampshire**   REGISTRATION CERTIFICATE   0110A0061213

Registration certificate not valid for title purposes.  All resident taxes for which Late Reb's here hent held.

| | |
|---|---|
| PLATE CILTNK | TYPE IPASS   CD 7   VSN 0937536   G/W 10000 |
| EAKE GMC | MODEL G33903   BDY STL VAN |
| YEAR 2008   F G   AXLES 2   LP NEW 28900 | VIN 1GDJG31K381906310 |

E
X   10/31/2016
P

| STATE FEES | |
|---|---|
| REGISTRATION | $136.00 |
| STATE PARK PLATE | $0.00 |
| TITLE | $0.00 |
| TOTAL DUE | $136.00 |

PP#         PP TYPE         SP TYPE

O   DOB/ID   LAST NAME   SUFFIX   FIRST NAME   M
W   SRBOSLLC01 SPENCER BROS LLC
N   03/14/1989 SPENCER GRIFFIN W
E
R



N.H.S.D. - M.V.
OFFICIAL DIRECTOR
VALIDATION # 1942
NOT VALID WITHOUT DIRECTOR'S SEAL

| MUNICIPAL FEES | | |
|---|---|---|
| MOS/MILLS 12  3 | $87.00 |
| MOS/MILLS  0  0 | $0.00 |
| PERMIT FEE | $87.00 |
| AGENT | $2.50 |
| CLERK | $2.00 |
| LOCAL TITLE | $0.00 |
| TRANSFER | $0.00 |
| TRANSFER CREDIT | $0.00 |

RENEW REGISTRATION

21OCT2015 5002.0006 0110 9777 1 $136.00

ATTENTION:
RSA 266:1 IV provides that newly registered vehicles and vehicles of which the ownership has been transferred must be inspected within 10 consecutive days of the registration date stamped on the registration certificate.  If a new vehicle is purchased at retail from a licensed dealer the vehicle must be inspected no later than 30 days after the date of transfer.

TOTAL DUE         $91.50

MUNICIPAL COMMENT:
Receipt : 140045;

Pursuant to RSA 261:55, the Director must be notified in writing within 10 days when moving from the address printed on the registration certificate.



LEGAL ADDRESS
136 EDGEWATER DR
GILFORD NH 03249

SPENCER BROS LLC
PO BOX 7623
LACONIA  NH 032477623

CHANGE ADDRESS IN SPACE ABOVE

THIS APPLICATION IS SIGNED AND ANY ADDITIONAL INFORMATION IS OFFERED UNDER PENALTY OF SWORN FALSIFICATION PURSUANT TO RSA 641:16

X _____

RDMV 344 (REV 02/08)         OWNER'S COPY

State Defs.' Ex. A 000073

State of New Hampshire...
**REGISTRATION CERTIFICATE**
Registration certificate not valid for title purposes. All resident taxes for which I am liable have been paid.

0110A0069039

E
X
P
10/31/2015

PLATE OILTNK1    TYPE IPASS    CD 8    VSN 0940095    GVW 9600
MAKE CHEV    MODEL EXPRESS    BDY STL VAN    CLR WHI
YEAR 2004    F G    AXLES 2    LP NEW 23900    VIN 1GBJG31U841166063

PP# — PP TYPE — SP#    SP TYPE
O  DOB/ID  LAST NAME  SUFFIX  FIRST NAME  MI
W  SRBOSLLC01 SPENCER BROS LLC
N
E
R
S

**N.H.S.D. - M.V.**
**OFFICIAL DIRECTOR**
VALIDATION # 1942

RENEW REGISTRATION

24OCT2014 5004.0006 0110 9777 1 $132.16



ATTENTION:
RSA 266:1 IV provides that newly registered vehicles and vehicles of which the ownership has been transferred must be inspected within 10 consecutive days of the registration date stamped on the registration certificate. If a new vehicle is purchased at retail from a licensed dealer the vehicle must be inspected no later than 30 days after the date of transfer.

LEGAL ADDRESS
135 EDGEWATER DR
GILFORD NH 03249

SPENCER BROS LLC
PO BOX 7623
LACONIA NH 032477623



x _____ Spencer

CHANGE ADDRESS IN SPACE ABOVE

(THIS APPLICATION IS SIGNED AND ANY ADDITIONAL INFORMATION IS OFFERED UNDER PENALTY OF ...)

RDMV 344 (REV ...)

| RETAIN FOR TAX PURPOSES | |
|---|---|
| **STATE FEES** | |
| REGISTRATION | $132.16 |
| STATE PARK PLATE | $0.00 |
| TITLE | $0.00 |
| TOTAL DUE | $132.16 |
| | |
| **MUNICIPAL FEES** | |
| MOS/MILLS  12  3 | $72.00 |
| MOS/MILLS  0  0 | $0.00 |
| PERMIT FEE | $72.00 |
| AGENT | $2.50 |
| CLERK | $1.00 |
| LOCAL TITLE | $0.00 |
| TRANSFER | $0.00 |
| TRANSFER CREDIT | $0.00 |
| | |
| TOTAL DUE | $75.50 |

MUNICIPAL COMMENT:
Receipt : 125680;
Pursuant to RSA 261:55, the Director must be notified in writing within 10 days when moving from the address printed ...

State Defs.' Ex. A 000074

(3/15/16)

M - 8
8 - 8

1 Co of Manchester
300 Paid

Ports Return
Rebuild

State Defs.' Ex. A 000075

# SPENCER BROS.

**INVOICE**

P.O. Box 7623
Gilford, New Hampshire 03247
**800-300-0550**



Date: _3-15-16_

To: _Bill Timpley P+H_
_16 Maple St-_
_Manchester NH_

TERMS: _10-Days_

| DESCRIPTION | PRICE | AMOUNT |
|---|---|---|
| 1  oil Tank p/u | | 300 |
| Basawer Rd | | |
| Del to | | |
| 76 Maple St | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | **Total Due:** | 300 |

**THANK YOU**

State Defs.' Ex. A 000076



① Tom McBee
5 york st.      Part Twice 1985
Hampstead

2 Mike Ceriello
[redacted]
[redacted]          worked 4 wks        apparel
                                         3-14-16

3 (york) Paul Yakmian
(John) [redacted]
[redacted]          work 2 wks - start 4-14-16 )  apparel

4 Ed Otto
[redacted]
[redacted]          Part Time 3rd Days

3-8-16 - Roth - Roth Class

State Defs.' Ex. A 000077

## SIGNED STATEMENT OF

I, Scott Dwinnells          , voluntarily give the following statement to Douglas Wood who has identified himself as a Special Agent with the US Department Of Transportation-FMCSA. No threats or promises have been made to me in exchange for this statement.

---

I am The Warehouse Manager For Trombly Enterprises Inc. on 76 Maple St. Manchester NH 03103.

ON OR AROUND MARCH 2016 Spencer Bros. Dropped off a used OIL TANK AT OUR LOCATION. THE GENTLEMEN (2) CAME INTO THE OFFICE TO LET THEM KNOW THEY WERE HERE, THE OFFICE THEN PAGED ME TO LET ME KNOW. I CAME DOWNSTAIRS AND MET THEM DOWN AT WAREHOUSE TO UNLOAD TANK, MET I ME THE (2) GENTLEMEN (Did NOT GET NAMES) UNLOADED THE TANK FROM THEIR TRUCK, TRUCK WAS A BOX STYLE TRUCK WITH EITHER A ROLL-UP DOOR OR DOUBLE DOOR. TRUCK (DIDN'T SEE / REMEMBER TRUCK COLOR) WAS PRETTY BEAT UP + RAN ROUGH. THEY LEFT TANK INSIDE DOOR OF WAREHOUSE THEN LEFT.

State Defs.' Ex. A 000078

I have read the foregoing statement consisting of 2 page(s). It is true, accurate and complete to the best of my knowledge. I reviewed any changes and they bear my initials. I sign this statement under penalty of perjury and in the presence of Douglas Wood.

| Interviewee's Signature: | Date: 6/30/16 |
|---|---|

I certify that I prepared and took the above statement and that it is a complete and accurate summary of my interview with the witness.

| SA Douglas Wood: | Date: 6/30/16 |
|---|---|

State Defs.' Ex. A 000079

INFORMATION - DO NOT REMOVE OR PAINT THIS LABEL

Mode



Tank Size
Min capacity
Thickness of end
Thickness of body
Date of manufacture
Tested to Seven (7) PSIS

MH13819/// UL-80
STEEL TANK FOR OIL-BURNER FUELS AND OTHER
COMBUSTIBLE LIQUIDS - DOUBLE BOTTOM

UL LISTED

No. : R 807797

PARTNERSHIP
Andre-Line

MADE IN CANADA

GRANBY STEEL TANK

WARRANTY IS VALID PROVIDED
RESPECTED. WARRANTY CERTI
AVAILABLE O

WWW.G

1) THIS TANK IS INTENDED FOR
INCH/FOOT (20.8 per
REDUCE VENT CAPACITY
4) INSPECTED TANK PER
ACCUMULATED WATER FROM
FROM OLD TANK INTO THE
DIRECT SALE TO THE CO
EACH TANK TO A
MANUFACTURER REQUIRE
SEAMS BE CHECKED FOR
TANK 5) DO NOT EX
PRESSURE WILL CAUSE TANK
NO RESPONSABILITY FOR DAMA

P6300003.JPG
6/30/2016 11:45:45

State Defs.' Ex. A 000080

# ATTACHMENT 2

State Defs.' Ex. A 000081

UNITED STATES DEPARTMENT OF TRANSPORTATION
FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION

In the Matter of:

Spencer Bros., LLC,

                    Respondent.

Docket No. FMCSA-2016- 0386
Old Case No.: NH-2016-0030-US1395
USDOT No.:  2901481
(Eastern Service Center)

## DECLARATION OF MICHAEL DORAN

Michael Doran declares and states:

1.    I am over the age of 18, employed as a Trooper First Class with the New Hampshire State Police assigned to the Commercial Motor Carrier Unit.  I make this Declaration based on my personal knowledge and my review of State records.

2.    On April 29, 2016, I stopped William Spencer of Spencer Bros., LLC ("Respondent") for following too closely to another car.  This stop resulted in the discovery of several violations.  A copy of my report is attached as Exhibit A (Driver/Vehicle Examination Report ("DVER") Number NH1039002337).

3.    I also took four photographs at this stop:

- The back of Respondent's truck showing four tanks;
- Registration of the Respondent's truck;
- The front of William Spencer's CDL; and
- The back of William Spencer's CDL.

The photo of the back of Mr. Spencer's truck shows the four tanks.  The photo of registration shows that Respondent's owns the CMV.  The photo of Mr. Spencer's license shows that he did not have a HM endorsement.  Copies of these four photos are attached as Exhibit B.

State Defs.' Ex. A 000082

4.    I was contacted by Special Agent Wood ("SA Wood") from the Federal Motor Carrier Safety Administration ("FMCSA") on July 26, 2016. I provided him a written statement. I have re-read my written statement and re-affirm it is true, accurate and complete to the best of my knowledge. I wish to incorporate the contents of my July 26, 2016 statement in this Declaration and am attaching a copy as Exhibit C.

5.    I have read the Notice of Claim issued by FMCSA and Respondent's Reply to the Notice of Claim. Although Respondent asserts in its Reply that William Spencer cleaned and purged the fuel oil tank before transporting it, that is contradictory to what he told me and what I observed at the time of the stop. Additionally, although Respondent states that there was only one fuel oil tank in the back, I saw four tanks and called them fuel oil tanks because that is how Mr. Spencer identified them. He said that he picked up the fuel oil tanks from neighbors of his mom.

6.    William Spencer never claimed at the time of the stop that he had cleaned and purged the tanks. To the contrary, Mr. Spencer admitted that the tanks were not cleaned and purged, and may have contained oil. Additionally, I smelled an "extremely strong" odor of petroleum when Mr. Spencer opened the back of the truck. He tried arguing that I smelled it from his shirt but I had initially smelled the petroleum odor as I approached the Respondent's truck. It was not from his shirt. When he opened the rear of the truck, the odor became extremely strong. Whether the odor was coming from just one of the tanks or all of them did not matter because it was clear by the odor that HM was being transported.

2

State Defs.' Ex. A 000083

7.   When I asked Mr. Spencer why he did not have a HM endorsement on his license, he stated he did not want to take the test every two years.  He did not deny transporting HM or state that he did not need a HM endorsement.

8.   I have been assigned to the CMV Carrier Unit since 2004.  I attended the NASTI A&B School at the Massachusetts State Policy Academy in January 2001.  I then received the HM training approximately a month later in February of 2001.  I have maintained my certification since 2001.  I receive annual refresher training in both CMV Inspections and HM Training.  I am also required to do 500 inspections a year, 100 of them must be Level 1-3 inspections.

9.   Based on my training and years of experience inspecting CMV's (including those transporting HM), I am 100% sure Respondent's tank (or tanks) were not cleaned and purged.  Mr. Spencer has significantly changed his story since I stopped him on April 29, 2016.

10.  The following exhibits are attached hereto and incorporated herein by reference.

> **Exhibit A**   Driver/Vehicle Examination Report dated 4/29/2016
> **Exhibit B**   Photographs taken on 4/29/2016
> **Exhibit C**   Signed Statement of Trooper Michael Doran

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this  18th  day of October 2016.

_Michael J Doran_

Michael Doran

3

# EXHIBIT A

State Defs.' Ex. A 000085

# DRIVER/VEHICLE EXAMINATION REPORT

Query Central 3.4

| New Hampshire State Police-Troop G | Report Number: NH1039002337 |
|---|---|
| Motor Carrier Enforcement Unit | Inspection Date: 04/29/2016 |
| 33 Hazen Drive | Start: 2:25 PM ET    End: 04:20 PM ET |
| Concord, NH 03305 | Inspection Level: I - Full |
| Phone: (603)223-8778   Fax: (603)271-1760 | HM Inspection Type: Bulk |

| SPENCER BROS LLC | Driver: SPENCER, WILLIAM J | |
|---|---|---|
| 116 HOUNSELL AVE #1 | License#: | State: NH |
| LACONIA, NH 03246 | Date of Bi | |
| USDOT#:        Phone#: | CoDriver: | |
| MC/MX#:        Fax#: | License#: | State: |
| State#: | Date of Birth: | |

| Location: ROCHESTER | MilePost: | Shipper: |
|---|---|---|
| Highway: CHESTNUT HILL ROAD EXT | Origin: LEBANON, ME | Bill of Lading: |
| County: STRAFFORD, NH | Destination: GILFORD, NH | Cargo: OIL TANKS |

## VEHICLE IDENTIFICATION

| Unit | Type | Make | Year | State | Plate # | Equipment ID | VIN | GVWR | CVSA # | New CVSA # | OOS# |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | TR | CHEV | 2004 | NH | OILTNK1 | | 1GBJG31U841166063 | 10,001 | | | 012229 |

## BRAKE ADJUSTMENTS

| Axle # | 1 | 2 |
|---|---|---|
| Right | N/A | N/A |
| Left | N/A | N/A |
| Chamber | HYDR | HYDR |

## VIOLATIONS

| Vio Code | Section | Unit | OOS | Citation # | Verify | Crash | Violations Discovered |
|---|---|---|---|---|---|---|---|
| 107.601 | 107.601 | 1 | N | | N | N | Failing to register with PHMSA prior to transporting hazardous materials requiring HM registration. |
| 172.506A1 | 172.506(a)(1) | 1 | N | | N | N | Placards not affixed to vehicle |
| 391.11B5-DEN | 391.11(b)(5) | D | Y | | N | N | Driver operating a CMV without proper endorsements or in violation of restrictions.: HAZ MAT ENDORSEMENT REQUIRED. |
| 392.2FC | 392.2 | D | N | DS204896 | N | N | Following too close |
| 390.21B | 390.21(b) | 1 | N | | N | N | Carrier name and/or USDOT Number not displayed as required |
| 385.301A | 385.301(a) | 1 | N | | N | N | Failing to register with FMCSA to obtain a USDOT number |
| 177.817A | 177.817(a) | 1 | Y | | U | N | No shipping papers (carrier) |
| 177.834A | 177.834(a) | 1 | Y | | U | N | Package not secure in vehicle: 4 200+ GAL TANKS RESTING ON END, 1 TANK CUT IN HALF AND WATER TANK ON FLOOR ALL UNSECURED. |
| 392.2UCR | 392.2 | 1 | N | | N | N | Failure to pay UCR Fee |
| 393.95A | 393.95(a) | 1 | N | | N | N | No/discharged/unsecured fire extinguisher: NOT EQUIPPED. |
| 393.9 | 393.9(a) | 1 | N | | N | N | Inoperable Required Lamp: REVERSE LIGHT INOP. |

| HazMat:  3 Combustible Liquid | | Placard: No    Cargo Tank: OTH |
|---|---|---|

**Special Checks:** Traffic Enforcement;

---

| Report Prepared By: | Badge #: | Copy Received By: | Page 1 of 3 |
|---|---|---|---|
| TFC MICHAEL J DORAN | 001039 | WILLIAM SPENCER | |
| X_____ | | X_____ | |



NH    NH1039002337

State Defs.' Ex. A 000086

## DRIVER/VEHICLE EXAMINATION REPORT

Query Central 3.4

| | |
|---|---|
| **New Hampshire State Police-Troop G**<br>**Motor Carrier Enforcement Unit**<br>**33 Hazen Drive**<br>**Concord, NH 03305**<br>**Phone: (603)223-8778   Fax: (603)271-1760** | **Report Number: NH1039002337**<br>**Inspection Date: 04/29/2016**<br>**Start: 2:25 PM ET     End: 04:20 PM ET**<br>**Inspection Level: I - Full**<br>**HM Inspection Type: Bulk** |

| | | | |
|---|---|---|---|
| SPENCER BROS LLC<br>116 HOUNSELL AVE #1<br>LACONIA, NH  03246 | | **Driver: SPENCER, WILLIAM J**<br>License#:<br>Date of B| | **State: NH** |
| USDOT#: | Phone#: | CoDriver: | |
| MC/MX#: | Fax#: | License#: | **State:** |
| State#: | | Date of Birth: | |

Pursuant to New Hampshire Statutes, I hereby declare WILLIAM SPENCER "OUT OF SERVICE." No person shall permit or require this driver to operate a commercial motor vehicle until: Driver has Proper CDL Endorsement

PENALTIES FOR VIOLATION OF AN OUT OF SERVICE ORDER: Any driver who violates these provisions or any person who knowingly requires or permits a driver to violate an Out-of-Service order shall be guilty of a Criminal Offense and subject to arrest. Penalties include criminal fines up to $1,200 for a first offense if a natural person, loss of commercial driver license privileges as well as civil penalties up to $11,000. Enhanced penalties exist for subsequent offenses and for those drivers of vehicles transporting hazardous materials or vehicles designed to transport 15 or more passengers (including the driver).

Pursuant to N.H. Statutes, I hereby declare and mark the following vehicle(s) "OUT-OF-SERVICE." No person shall remove the herein-number sticker(s) or operate such vehicle(s) THAT HAVE BEEN MARKED WITH A "Y" IN THE OOS COLUMN IN THE VIOLATION(S) DISCOVERED SECTIONS OF THIS REPORT, until necessary repairs have been made and the vehicle(s) is/are restored to safe operating condition.

PENALTIES FOR VIOLATION OF AN OUT OF SERVICE ORDER: Any driver who violates these provisions or any person who knowingly requires or permits a driver to violate an Out-of-Service order shall be guilty of a Criminal Offense and subject to arrest. Penalties include criminal fines up to $1,200 for a first offense if a natural person, loss of commercial driver license privileges as well as civil penalties up to $11,000. Enhanced penalties exist for subsequent offenses and for those drivers of vehicles transporting hazardous materials or vehicles designed to transport 15 or more passengers (including the driver).

I/We certify that all OOS violations noted on this report have been corrected and action has been taken to ensure compliance with the applicable safety regulations. (False certifications of the required repairs may be prosecuted with penalties up to $10,000.)

Signature Of Repairer X:_____     Facility:_____     Date:_____

I/We certify that all violations noted on this report have been corrected and action has been taken to ensure compliance with the applicable safety regulations. All violations listed MUST be corrected before this vehicle is re-dispatched. The Motor Carrier MUST complete certification and return sheet within 15 days to: NH State Police-Troop G 33 Hazen Drive, Concord, NH 03305

NOTE: Any driver or motor carrier that seeks to challenge the above inspection or the validity of a violation must submit the request through the Data Q process at: https://dataqs.fmcsa.dot.gov.

It is recommended that any supporting documents that will assist the reviewer be attached to your Data Q challenge.

Signature Of Motor Carrier X:_____     Title:_____     Date:_____

| | | | |
|---|---|---|---|
| Report Prepared By:<br>TFC MICHAEL J DORAN | Badge #:<br>001039 | Copy Received By:<br>WILLIAM SPENCER | Page 2 of 3  |
| X_____ | | X_____ | NH    NH1039002337 |

State Defs.' Ex. A 000087

## DRIVER/VEHICLE EXAMINATION REPORT

Query Central 3.4

**New Hampshire State Police-Troop G**
**Motor Carrier Enforcement Unit**
**33 Hazen Drive**
**Concord, NH 03305**
**Phone: (603)223-8778   Fax: (603)271-1760**

**Report Number: NH1039002337**
**Inspection Date: 04/29/2016**
**Start: 2:25 PM  ET     End: 04:20 PM  ET**
**Inspection Level:  I – Full**
**HM Inspection Type: Bulk**

SPENCER BROS LLC
116 HOUNSELL AVE #1
LACONIA, NH 03246
USDOT#:                    Phone#:
MC/MX#:                    Fax#:
   State#:

Driver: SPENCER, WILLIAM J
License#:                                                  **State: NH**
Date of Bi
CoDriver:
License#:                                                  **State:**
Date of Birth:

## Inspection Notes

Stopped CMV for tailgating elderly female for 1 plus mile and no marking on the cmv.
Operator held a valid CDL-A license with endorsement for Tank/Passenger. CMV registrered under 10K. Alleged trying to get woman attention to stop. Less than car length behind vehicle the entire time I was observing him. Stated coming from Lebanon, ME after picking up several old oil tanks. Asked to open back of truck. Four oil tanks resting on end unsecured. A fifth tank was cut up and unsecure along with a water tank. Strong odor of fuel oil coming from inside truck when back opened. driver admitted being paid for tanks and non were purged/cleaned. VIN chek indicated cmv gvwr 10001-14K. When driver and brother(passenger/partner) were told in violation quickly changed story. Driver advised both he and the cmv were out of service for numerous violations. Asked what barracks out of and then walked away calling Trp Bosch. Trp Bosch called me and stated the driver was a tenant of hers and would not stop calling her. I approached him and warned him THE GAMES were over. Up to and when the tow truck arrived, he was trying to wheel and deal. Both he and his partner were advised of the violations and how to correct them.

On 05/13/16, I met with Rob Follansbee of Extreme Auto Car in Belmont. He admitted signing off he corrected the Out of Service Violations. When asked what he knew about Haz Mat, he stated nothing. He stated he replaced a light bulb and sign the form for the Spencers. He admitted they are good friends. Mr. Folnsbee was warned for Unsworn Falsification and advised NOT to sign off on any CMV inspection reports in the future.

## Special Studies  No Special Study Data Recorded

Report Prepared By:                Badge #:     Copy Received By:
TFC MICHAEL J DORAN                001039       WILLIAM SPENCER

X_____                      X_____

Page 3 of 3

NH    NH1039002337

State Defs.' Ex. A 000088

# EXHIBIT B

State Defs.' Ex. A 000089



Insp # NH 1039 0003337    04/26/16    Michael Dunn #1038    TFC Michael J. Doran

**State Defs.' Ex. A 000090**



State Defs.' Ex. A 000091



Iss # NH08P002337   04/29/16   Michael J. Dorosa — TFC Michael J. Dorosa

State Defs.' Ex. A 000092



State Defs.' Ex. A 000093

# EXHIBIT C

State Defs.' Ex. A 000094

### SIGNED STATEMENT OF TROOPER MICHAEL DORAN

I, Michael Doran, voluntarily give the following statement to Douglas Wood who has identified himself as a Special Agent with the US Department Of Transportation-FMCSA. No threats or promises have been made to me in exchange for this statement.

1. Trooper Michael Doran please explain your title and position with the NH State Police.

Answer: I'm currently employed as a Trooper First Class with the New Hampshire State Police assigned to Troop G in Concord. I am assigned full time to the Commercial Motor Carrier Unit. I attended the NASTI A&B school and Hazardous Materials school at the Massachusetts State Police Academy in New Braintree, MA. In January 2001.

2. Trooper Doran on 4/29/16 you had contact with William Spencer of Spencer Bros. LLC. Please describe the circumstances of this this contact.

Answer: On April 29, 2016 at approximately 1440 Hrs., I observed Mr. Spencer operating a commercial vehicle on Route 11 (Exit 16) in Rochester. He was tailgating a passenger vehicle and the commercial motor vehicle did not have any markings. See report # NH1039002337.

He was stopped on Route 16. Upon approaching the vehicle, NH reg. OILTNK1, I detected an odor of petroleum. I approached Mr. Spencer's door and asked him for his license and registration. He produced both. He was advised of the moving violation and the motor carrier violation. He asked where he was coming from and stated "From Lebanon, ME." I reviewed the license and registration with him. The license was a CDL-A with a tank, double-triple and passenger endorsements. The vehicle was registered for 9600 lbs. I asked Mr. Spencer what he was hauling and he stated he had fuel oil tanks in the back. He was asked why he was hauling them and responded, I scrap the tanks for business. I asked him if he was paid for them and he stated, "Yes." He was asked to open the back and complied without hesitating.

As he opened the rear door, I detected a strong odor of petroleum emitting from the box. I observed four tanks that appeared to be 275 gallon heating oil tanks standing on end, a fifth tank cut up, a water heater on the floor and several buckets. All were unsecured. The tanks had evidence of liquid on and in them. I asked Mr. Spencer if the tanks had been cleaned and purged. He responded, "No." I asked him, if they contained fuel oil, he responded, "There may be some oil but not much." He was asked where the tanks came from. He stated the tanks were picked up in Lebanon, ME from neighbors of his mother. He was asked for his shipping papers and if he had placards for the truck. He stated he did not have either. As we were talking at the rear of the truck, Mr. Spencer stated the odor was coming from his shirt. I explained to him, I thought differently. I advised him, we walked to the rear of the cmv together. As soon as he opened the back door, the odor became extremely strong. I pointed to the openings in the tanks and wetness around the holes. He agreed with my observation and again stated they had not been cleaned. His account of where the tanks came from changed

*MD*

State Defs.' Ex. A 000095

also. They came from Lebanon, ME but he was not paid for them.

He also stated he did not have dot numbers or a hazardous materials permit. When asked why he did not have a "haz-mat" endorsement on his license, he responded, "I don't want to take the test every two years." I explained the violations in detail to him. He was advised both he and the cmv were placed out of service and the cmv would be towed. Mr Spencer asked if he could drive the cmv to the Volkswagen dealership off Exit 15. He alleged he knew the owner. When asked what the owner's name was, he responded, "My wife knows him." When asked how she knew him, he responded, "She bought two cars from him." He was he could not drive nor would he be allowed to park the cmv there. He then asked if he could drive the cmv to Tire Guys in Farmington. I again told him, he could not drive nor could the cmv be driven in the current state. Arrangements were made per State Police policy for Rochester Truck to respond and tow the vehicle from the scene. Mr. Spencer complained about Rochester Truck, stating he had a civil complaint against the company. This was later determined not true.

Rochester Truck arrived and I advised the driver both the cmv and driver were out of service. If the driver agrees, I would not object to the cmv being towed to Tire Guys or Laconia. It was determined the cmv would be towed to Tire Guys in Farmington.

On Saturday 04/20/16 at approximately 1000 Hrs., I drove past Tire Guys in Farmington and observed the cmv was not there.

On Tuesday 05/03/16, contacted Rochester Truck to confirm where the cmv was towed to. I was advised it was towed to Tire Guys without incident.

3. Trooper Doran during the above contact did you take any photographs? How many photographs did you take?

Answer: Four photos were taken. One photo was of the back of the cmv of the containing the fuel oil tanks and how they were not secured. A photo of the registration showing it registered under 10000 lbs. At the stop, I ran a vin check and found the vehicle was rated for 10001-14000 lbs. Two photos were taken of Mr. Spencer's NH license (front and back).

I have read the foregoing statement consisting of 2 page(s). It is true, accurate and complete to the best of my knowledge. I reviewed any changes and they bear my initials. I sign this statement under penalty of perjury and in the presence of Douglas Wood.

| Interviewee's Signature: | Date: |
|---|---|
| Michael D Doran #1039 | 07/26/16 |

| SA Douglas Wood: | Date: |
|---|---|
| | 7/26/16 |

State Defs.' Ex. A 000096